**Maurice Thomas ICE, Appellant**

v.

**The STATE of Texas, State.**

**No. 2–94–539–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 18, 1996.

R. Kelton Conner, Granbury, for appellant.

Richard L. Hattox, District Attorney, Granbury, for appellee.

Before CAYCE, C.J., and DAUPHINOT and JOHN HILL (Assigned), JJ.

## OPINION

DAUPHINOT, Justice.

Maurice Thomas Ice, Appellant, was convicted of Driving While Intoxicated and the jury assessed his punishment at five years' confinement and a fine of $2,000.00. The trial court entered judgment convicting Ice, but the court suspended the incarceration and placed Ice on community supervision for a period of ten years. In a single point of error, Ice complains that this sentence was void because the trial court did not make the necessary affirmative findings to allow the court to suspend imposition of the incarceration portion of Ice's sentence. We affirm.

Although Ice phrases his point of error as a void sentence because the trial court erred in placing Ice on community supervision, Ice is actually complaining that he was ordered to the Substance Abuse Felony Program (SAFP). Ice is correct that article 42.12, section 14 of the Code of Criminal Procedure provides that if a judge requires SAFP as a condition of community supervision, the judge must make an affirmative finding that: 1) drug or alcohol abuse significantly contributed to the commission of the crime or violation of community supervision; and 2) the defendant is a suitable candidate for treatment as determined by the suitability criteria established by the Texas Board of Criminal Justice under section 493.009(b) of the Government Code.[1]

The rule is well established that when a trial judge fails to make specific findings of fact and conclusions of law, it is presumed that the court made the necessary findings to support the decision of the trial court.[2] The situation before us is analogous to a determination by a trial judge to grant or deny a motion to suppress evidence. It is not the job of the appellate court to engage in our own factual review, but we must deter-

---

1. Tex.Code Crim.Proc.Ann. art. 42.12, § 14(b) (Vernon Supp.1996).

2. *Vela v. State,* 871 S.W.2d 815, 816–17 (Tex. App.—Houston [14th Dist.] 1994, no pet.).

mine whether the trial court's finding, in this case the granting of community supervision in the SAFP, is supported by the record.[3] If findings of fact are not filed, we presume that the trial court made the findings necessary to support its ruling, so long as those implied findings are supported by the record.[4]

■ The reviewing court must review the entire record to determine whether there are *any* facts that lend support for any theory upon which the trial court's decision can be sustained. If the implied or actual finding is supported by the record, it must be sustained.[5]

For driving while intoxicated to rise to the level of a felony, a defendant must necessarily have a history of drug or alcohol abuse because the defendant must have at least two previous convictions for DWI. The record clearly supports the finding that drug or alcohol abuse significantly contributed to the commission of the crime. In order for a trial court to place a defendant on community supervision, the court must find, either implicitly or explicitly, that placing the defendant on community supervision is in the best interest both of society and of the defendant.[6] Given the circumstances of the offense and relying on the entire record, placing the defendant on community supervision creates the inference that the trial judge has found that community supervision is in the best interest of society and the defendant. Similarly, by ordering the defendant to SAFP, the trial judge implicitly found that the defendant was a suitable candidate for treatment in SAFP.

The jury did not suspend imposition of Ice's sentence. The trial judge took it upon himself to suspend imposition of the sentence and to allow Ice, in effect, a second chance. We find the evidence sufficiently supports a finding that Ice is a suitable candidate for treatment in the SAFP. Ice's sole point of error is overruled.

The judgment of the trial court is affirmed.

---

3. *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim.App.1990).

4. *Vela,* 871 S.W.2d at 816–17.

5. *See, e.g., Romero,* 800 S.W.2d at 543.

6. Tex.Code Crim.Proc.Ann. art. 42.12, § 3(a) (Vernon Supp.1996).