NUMBER 13-01-042-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
TERRY N. RICKELS,                                                                    Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 156th District Court of Bee County, Texas




MEMORANDUM OPINION ON REMAND

     Before Chief Justice Valdez and Justices Hinojosa and Castillo

                             Opinion by Chief Justice Valdez
 
          
  
          This is an appeal from a trial court ruling to revoke probation and impose
imprisonment. We previously reversed and remanded the decision of the trial court,
holding that the provisions of probation were too vague and indefinite to be enforced as
there was no clear instruction given on how a mandatory “child safety zone” was to be
measured.


 The court of criminal appeals reversed our decision on the ground that the
probationary “child safety zone” provision was not vague or ambiguous, and directed us
to consider appellant’s remaining contentions.


 
Background
          Appellant, Terry Rickels, was originally convicted of two counts of indecency with
a child and placed on ten years’ probation. He was later found to have violated one of the
conditions of his probation, which dictated that appellant could “not go within three hundred
(300) feet of any premises where children 17 years or younger congregate or gather.” It
was determined that he violated this condition after a probation revocation hearing in which
three witnesses testified as to the distance between his residence and a nearby public
school. 
          According to witness testimony at the hearing, various measurements were taken
to establish the distance between Rickels’s home and the school. According to
measurements taken by a private investigator, (1) the distance between Rickels’s front
door to the curb at the front of the school measured 296 feet, (2) Rickels’s property line
measured 380 feet from the door of the school, and (3) Rickels’s front door measured 400
feet from the front door of the school. According to his probation officer and a Dallas police
officer who took measurements, the distance between the corner of Rickels’s property and
the curb in front of the school measured 250 feet. 
          Rickels did not testify at the revocation hearing, other than to enter a plea of not
true. The three witnesses reported that he was either not at home or inside the house
when the various measurements were taken. The trial court found the allegation to be
true, revoked Rickels’s probation, and sentenced Rickels to ten years’ imprisonment. 
          In his original appeal before this court, Rickels argued that the trial court abused its
discretion in revoking his probation because (1) the evidence was insufficient to establish
that Rickels violated his probation, (2) the condition was too vague and indefinite to be
enforced, and (3) the condition, because of its vagueness, was an unlawful delegation of
authority to the probation department. We addressed Rickels’s second issue and held that
the order was not clear, explicit and unambiguous as required by law, and therefore it
violated his right as a probationer to know with certainty what was expected from him.


 
          The State appealed our decision to the Court of Criminal Appeals, which concluded
that “the challenged condition was not too vague to be enforced.” Rickels v. State, 108
S.W.3d 900, 903 (Tex. Crim. App. 2003). The court found that “the property line of the
school is indeed the proper boundary from which to measure,” and further, that it “does not
matter where [appellant’s] property lines fall. The only measurement that is at issue is from
Rickels’s body to premises where children congregate.” Id. at 902. The court accordingly
reversed and remanded to this Court to consider Rickels’s remaining points of error.
Trial Court Findings
          By his remaining point of error, Rickels argues that the evidence presented at the
hearing failed to show that he physically violated his probationary condition by coming
within 300 feet of a child safety zone.


 
          We review a trial court’s imposition or revocation of community supervision under
an abuse of discretion standard. See Belt v. State, 127 S.W.3d 277, 280 (Tex. App.– Fort
Worth 2004, no pet.). An order revoking community supervision must be supported by a
preponderance of the evidence. See Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim.
App. 1980). In other words, the burden of proof is on the State to establish that the
greater weight of the credible evidence creates a reasonable belief that the defendant has
violated a condition of his community supervision. See Maxey v. State, 49 S.W.3d 582,
584 (Tex. App.–Waco 2001, pet. ref’d). 
          On appeal, this Court must view the evidence presented at the revocation hearing
in the light most favorable to the court’s decision. See Liggett v. State, 998 S.W.2d 733,
736 (Tex. App.–Beaumont 1999, no pet.). When a trial court fails to make specific findings
of fact and conclusions of law, it is presumed that the court made the necessary findings
to support its decision. Ice v. State, 914 S.W.2d 694, 695 (Tex. App.–Fort Worth 1996, no
pet.). The reviewing court does not engage in its own fact finding, but rather must review
the entire record to determine whether there are any facts that lend support for any theory
upon which the trial court’s decision can be sustained. Id. at 696. If the implied or actual
finding is supported by the record, it must be sustained. Id. 
          The trial court found that Rickels “intentionally and knowingly [went] within three
hundred (300) feet of a premise where children 17 years or younger congregate or gather,
to wit: Sidney Lanier Elementary School.” The evidence at the revocation hearing
demonstrated that Rickels moved into a home around the corner from an elementary
school. A special speed-limit sign noting the presence of a school zone and equipped with
a flashing yellow light was visible from the front door of Rickels’s home. The distance from
Rickels’s front door to the child safety zone (i.e., the property line of the school)


 was within
the 300 feet limitation imposed by the conditions of his probation. Although the witnesses
who testified as to the measurements they took did not see Rickels entering or exiting his
home through the front door or otherwise using the front area of his property, the trial court
could reasonably infer that Rickels used the front door or entered the front yard of his
property at some point while residing there. See Loera v. State, 14 S.W.3d 464, 468 (Tex.
App.–Dallas 2000, no pet.) (declaring trial court could reasonably infer from defendant’s
presence in front of home that he had used public streets to get to the home, and therefore
was guilty of intoxication in a public place). 
          We conclude that the facts adduced at the hearing lend support to the trial court’s
finding that Rickels went within 300 feet of the elementary school, and therefore this finding
did not constitute an abuse of discretion. Accordingly, Rickels’s remaining issue is
overruled and we affirm the decision of the trial court revoking his probation.
             
    
          






                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b) 

 Memorandum Opinion delivered and filed
this 10th day of March, 2005.