NUMBERS 13-04-00053-CR &
13-04-00082-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

RICHARD NICKLESON,                                                                   Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 105th District Court of Nueces County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                                Memorandum Opinion by Justice
Hinojosa

 








Pursuant to a plea agreement, appellant, Richard
Nickleson, pleaded guilty in cause number 13-04-082-CR[1]
to the offense of possession of a controlled substance.[2]  In accordance with the plea agreement, the
trial court assessed appellant=s punishment at ten years= imprisonment and a $2000 fine, suspended the prison
sentence, and placed him on community supervision for ten years.

Appellant was later charged with the offense of
murder[3]
in cause number 13-04-053-CR.[4]  A jury found him guilty of murder and
assessed his punishment at thirty-eight years=
imprisonment and a $10,000 fine.        

Taking judicial notice of the proceedings in cause
number 13-04-053-CR, the trial court found that appellant had violated the
conditions of his community supervision in cause number 13-04-082-CR.  The trial court revoked appellant=s community supervision and ordered that appellant
serve the ten-year sentence previously imposed. 
The trial court also ordered that the two sentences run consecutively.

The trial court has certified that these two cases
are not plea‑bargain cases, and appellant has the right of appeal.  See Tex.
R. App. P. 25.2(a)(2).  In cause number 13-04-053-CR, appellant
asserts the following four points of error: 
(1) the trial court erred in denying his motion for mistrial because of
the improper admission of extraneous offense evidence; (2) the trial court admitted
unfairly prejudicial evidence; (3) the evidence was factually insufficient to
support his conviction; and (4) the evidence was legally insufficient to
support his conviction.  In cause number
13-04-082-CR, by a single point of error, appellant contends the trial court
lacked sufficient evidence to justify revoking his community supervision.  For the sake of clarity, we will address each
cause separately.








The issues of law presented by this case are well
settled and the parties are familiar with the facts.  Therefore, we will not recite the law and
facts in this opinion except as necessary to advise the parties of the Court=s decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

                                              A.  Cause
Number 13-04-053-CR

                                              1.  Admission Of Extraneous Offense

By his first point of error, appellant complains the
trial court erred in denying his motion for mistrial.  Appellant raised this motion after the State
revealed to the jury that appellant had a prior felony conviction.








A mistrial is a device used to halt trial
proceedings when error is so prejudicial that expenditure of further time and
expense would be wasteful and futile.  Wood
v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000).  Thus, a trial court may properly exercise its
discretion to declare a mistrial if an impartial verdict cannot be reached, or
if a verdict of conviction could be reached but would have to be reversed on
appeal due to an obvious procedural error. 
Hernandez v. State, 805 S.W.2d 409, 413-14 (Tex. Crim. App.
1990).  The mere asking of an improper
question will not constitute reversible error unless the question results in
obvious harm to the accused.  Brown v.
State, 692 S.W.2d 497, 501 (Tex. Crim. App. 1985).  An instruction to disregard will be presumed
effective unless the facts of the case Asuggest the impossibility of withdrawing the
impression produced on the minds of the jury.@  Waldo v. State, 746 S.W.2d 750, 754
(Tex. Crim. App. 1988) (citing Hatcher v. State, 43 Tex. Crim. 237, 65
S.W. 97, 98 (1901)).  Although not
expressly adopted as exhaustive or definitive, the Texas Court of Criminal
Appeals has relied on several factors when determining whether an instruction
to disregard cured the prejudicial effect. 
Id.; Veteto v. State, 8 S.W.3d 805, 811 (Tex. App.BWaco 2000, pet. ref=d).  These factors include (1) the nature of the
error, (2) the persistence of the prosecution in committing the error, (3) the
flagrancy of the violation, (4) the particular instruction given, (5) the
weight of the incriminating evidence, and (6) the harm to the accused as
measured by the severity of the sentence. 
Waldo, 746 S.W.2d at 754; Veteto, 8 S.W.3d at 811.








Applying these factors to the case at hand, we
conclude that any prejudice caused by the admission of appellant=s extraneous offense was cured by the trial court=s instructions. 
The record shows that the State brought attention to the extraneous
offense on only one occasion.  On this
occasion, the State asked a witness if she knew that appellant had been
convicted of a felony, after the witness had voiced a favorable opinion of
appellant=s character during questioning by appellant=s counsel.[5]  This question was followed immediately by a
sustained objection and a curative instruction by the trial court.  Reviewing this exchange in the light of the Waldo
factors, we conclude that the prejudicial effect of the question by the
prosecution was not of such a nature that it could not be cured by an
instruction to disregard.  Accordingly,
we hold the trial court did not err in refusing to grant a mistrial on this
basis.  Appellant=s first point of error is overruled.

                                                         2.  Prejudicial Evidence

In his second point of error, appellant contends the
trial court erred in allowing the State to present evidence of appellant=s drug transaction with the victim shortly before
the murder.  

Appellant objected under rules 404(b) and 403 of the
rules of evidence.  See Tex. R. Evid. 404(b), 403.  The trial court overruled appellant=s objections and allowed the witness to testify that
he saw appellant and the victim engage in a drug transaction shortly before the
murder.  In reviewing the trial court=s determination of admissibility under both rules
404(b) and 403, we apply an abuse of discretion standard.  Powell v. State, 63 S.W.3d 435, 438
(Tex. Crim. App. 2001); Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1990) (op. on reh=g).

Under rule 404(b), evidence of other crimes, wrongs,
or acts is not admissible to prove a person=s
character and/or to show that the person acted in conformity with that
character.  See Tex. R. Evid. 404(b).  However, such evidence may be admitted if it
is relevant to motive, identity, intent, opportunity, preparation, plan or
absence of mistake.  Id.  As the court of criminal appeals has
explained, AIt has long been the rule in this State that the
jury is entitled to know all relevant surrounding facts and circumstances of
the charged offense; an offense is not tried in a vacuum.@  Moreno v.
State, 721 S.W.2d 295, 301 (Tex. Crim. App. 1986) (citing Archer v.
State, 607 S.W.2d 539, 542 (Tex. Crim. App. 1980)). 








The State=s theory in this case was that a dispute arose
between appellant and the victim, possibly arising from the prior drug
transaction that had taken place between them earlier that same day.  Thus, the drug transaction evidence was
relevant evidence of motive to show an intent to kill and is permissible under
rule 404(b).  Because appellant's drug
transaction with the victim was relevant to show the motive for the victim's
murder, rather than mere conformity with character, the trial court did not
abuse its discretion in allowing it.

Even though evidence is admissible under rule
404(b), it may still be excluded under Rule 403 if the danger of unfair
prejudice substantially outweighs its probative value.  In making this determination, a trial court
should consider (1) how probative the evidence of the extraneous offense is,
(2) the potential for the extraneous offense to impress the finder of fact in
some irrational but nevertheless indelible way, (3) the amount of time the proponent
will need to develop the evidence, and (4) the proponent=s need for this evidence to prove a fact of
consequence.  Wyatt v. State, 23
S.W.3d 18, 26 (Tex. Crim. App. 2000).








Applying the Wyatt factors, we conclude the
following:  (1) evidence of the drug
transaction was probative of appellant=s motive in murdering the victim; (2) there was not
an overwhelming potential for the evidence to impress the jury in an irrational
way; (3) the State needed little time to develop the evidence in the course of
putting on the witness=s testimony; and (4) the State needed the evidence
to prove a fact of consequence B appellant=s motive for the murder.  While it is true that evidence of a drug
transaction may prejudice a jury to some extent, we conclude that, in the
context of this case, the danger of any unfair prejudice does not substantially
outweigh the probative value of the evidence. Balancing the relevance of the
evidence against the danger of unfair prejudice, we conclude the trial court
did not abuse its discretion in overruling appellant=s rule 403 objection.  Appellant's second point of error is
overruled.

                                   3.  Legal And Factual Sufficiency of the
Evidence

In his third and fourth points of error, appellant
contends the evidence is legally and factually insufficient to support his
conviction for murder.  Specifically,
appellant asserts the evidence is not legally and factually sufficient to prove
his involvement in the victim=s murder.

                                                             a.  Legal Sufficiency

When we review the legal sufficiency of the
evidence, we view all the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App.
2003).  We measure the legal sufficiency
of the evidence by the elements of the offense as defined by a hypothetically
correct jury charge.  Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
ASuch a charge would be one that accurately sets out
the law, is authorized by the indictment, does not unnecessarily increase the
State=s burden of proof or unnecessarily restrict the
State=s theories of liability, and adequately describes
the particular offense for which the defendant was tried.@  Id.








Section 19.02 of the penal code provides that a
person commits the offense of murder if the person A(1) intentionally or knowingly causes the death of
an individual; [or] (2) intends to cause serious bodily injury and commits an
act clearly dangerous to human life that causes the death of an individual.@  Tex. Pen. Code Ann. ' 19.02(b)(1), (2) (Vernon 2003).

The testimony of police officer Roy Gardner
implicated appellant as the party responsible for the victim=s death. 
Gardner said he spoke with Guy Nickleson and Troy Nickleson, appellant=s uncles, prior to arresting appellant.  Gardner testified that in  separate conversations with Guy and Troy,
each stated that appellant had admitted to fatally shooting an individual but
claimed it was in self-defense.  When
Gardner raised this topic during his testimony about his conversation with Guy,
appellant objected on hearsay grounds. 
The State asserted that Gardner=s testimony was not being offered for the truth of
the matter asserted, leading the trial court to overrule appellant=s objection.

Later, Gardner testified about his conversation with
Troy, during which appellant=s admitted involvement in a fatal shooting was
revealed.  Appellant did not object to
this testimony.  Because this testimony
was not offered or admitted under any limitation, the evidence was available
for the jury=s use in assessing appellant=s guilt.  In
addition to this evidence, the State presented testimony from three witnesses
that placed an individual matching appellant=s
physical description at the scene of the crime seconds before and after the
victim was shot and killed.  Furthermore,
witness testimony revealed that appellant had initially avoided contact with
law enforcement personnel shortly after the murder.

We hold that any rational trier of fact could have
found the essential elements of the offense of murder beyond a reasonable
doubt.  Accordingly, we hold the evidence
is legally sufficient to support the jury=s finding that appellant committed murder.  Appellant=s
fourth point of error is overruled.

                                                                              








                                                           b.  Factual Sufficiency

We measure the factual sufficiency of the evidence
in a jury trial by the elements of the offense as defined by a hypothetically
correct jury charge for the case.  See
Adi v. State, 94 S.W.3d 124, 131 (Tex. App.BCorpus
Christi 2002, pet. ref=d).  In
reviewing the factual sufficiency of the elements of the offense on which the
State carries the burden of proof, we impartially examine all of the evidence
and set aside the verdict only if Aproof of guilt is so obviously weak as to undermine
confidence in the [fact-finder=s] determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by the contrary proof.@  Swearingen
v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003) (citing Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)).  We are also required to accord due deference
to the fact-finder=s determinations on the weight and credibility of
the evidence and may not merely substitute our own judgment.  Swearingen, 101 S.W.3d at 97; Johnson,
23 S.W.3d at 7; see Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim.
App. 1998).

After reviewing all of the evidence, we conclude
that the evidence is not so weak as to be clearly wrong and manifestly unjust
and the verdict is not against the great weight of the evidence.  Accordingly, we hold the evidence is
factually sufficient to support the jury=s finding that appellant committed the offense of
murder.  Appellant=s third point of error is overruled.

The judgment of the trial court in cause number
13-04-053-CR is affirmed.

                                              B.  Cause
Number 13-04-082-CR








Appellant complains that the evidence presented at
his revocation hearing was not sufficient to show that he violated the terms of
his community supervision. 

We review a trial court=s imposition or revocation of community supervision
under an abuse of discretion standard.  See
Belt v. State, 127 S.W.3d 277, 280 (Tex. App.BFort
Worth 2004, no pet.).  An order revoking
community supervision must be supported by a preponderance of the
evidence.  See Caddell v. State,
605 S.W.2d 275, 277 (Tex. Crim. App. 1980). 
In other words, the burden of proof is on the State to establish that
the greater weight of the credible evidence creates a reasonable belief that
the defendant has violated a condition of his community supervision.  See Maxey v. State, 49 S.W.3d 582, 584
(Tex. App.BWaco 2001, pet. ref=d). 

On appeal, this Court must view the evidence
presented at the revocation hearing in the light most favorable to the trial
court=s decision.  See
Liggett v. State, 998 S.W.2d 733, 736 (Tex. App.BBeaumont 1999, no pet.).  When a trial court fails to make specific
findings of fact and conclusions of law, it is presumed that the court made the
necessary findings to support its decision. 
Ice v. State, 914 S.W.2d 694, 695 (Tex. App.BFort Worth 1996, no pet.).  The reviewing court does not engage in its
own fact finding, but rather must review the entire record to determine whether
there are any facts that lend support for any theory upon which the trial
court's decision can be sustained.  Id.
at 696.  If the implied or actual
finding is supported by the record, it must be sustained.  Id.








After taking judicial notice of the prior
proceedings before the jury in appellant=s murder trial, the trial court found that appellant
had violated the terms of his community supervision.  We have held that the evidence presented at
that trial was legally and factually sufficient to support appellant=s conviction for murder.  Accordingly, we conclude the trial court did
not abuse its discretion in finding that appellant had violated the conditions
of his community supervision.  Appellant=s sole point of error is overruled.

The judgment of the trial court in cause number
13-04-082-CR is affirmed.

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
18th day of August, 2005.











[1] Trial court cause number
02-CR-2320-D.





[2] See Tex.
Health & Safety Code Ann. ' 481.115(a), (d) (Vernon 2003).





[3] See Tex. Pen.
Code Ann. ' 19.02 (Vernon 2003).





[4] Trial court cause number 03-CR-1839-D.





[5] The court of criminal appeals has
stated the following regarding character evidence:

 

 While Aevidence of a person=s character or character trait is not admissible for the
purpose of proving action in conformity therewith on a particular occasion,@ the accused in a criminal case may
place his character in issue by offering evidence of his good character.  Rule 404(a)(1)(A).  By placing his character in issue, however,
the accused Aopens the door@ for the State to rebut evidence of
his good character with its own evidence of the accused=s bad character.  On cross-examination, the State may test the
character witness= familiarity with the defendant=s character or demonstrate that the
witness has a low standard for what he considers good character by inquiring
into prior specific instances of conduct that are inconsistent with the
particular character trait, but the State may not offer extrinsic evidence
regarding the prior incidents solely to show the character witness is Awrong@ in his opinion.  Rule 405(a).

 

Wheeler v. State, 67 S.W.3d 879, 887 n. 16 (Tex.
Crim. App. 2002).