**AFFIRM; Opinion Filed February 27, 2013.**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

---

## No. 05-12-00111-CR

---

## JANET MARIE VICKERS, Appellant
## V.
## THE STATE OF TEXAS, Appellee

---

On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F11-71427-I

---

# MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

On November 10, 2011, appellant Janet Marie Vickers waived her right to a jury trial and pleaded guilty to aggravated assault with a deadly weapon. The trial court admonished appellant as to the range of punishment, accepted her plea, and found that the evidence substantiated her guilt. The trial court deferred a finding of guilt, placed appellant on deferred adjudication community supervision for seven years, and assessed a fine of $2,500. As a condition of community supervision, the trial court ordered appellant to attend, participate in, and successfully complete the substance abuse felony punishment program (SAFP). On December

12, 2011, the State filed a motion to revoke community supervision or proceed with an adjudication of guilt, alleging appellant had refused to enter SAFP and thereby violated a condition of her community supervision. On January 10, 2012, appellant entered a plea of true to one violation of her community supervision. The trial court accepted the plea, made a finding of guilt, and sentenced appellant to seven years' confinement. Appellant filed her notice of appeal on January 10, 2012. In one issue, appellant contends the trial court abused its discretion by ordering her to participate in SAFP without making the necessary affirmative findings. Appellant contends the record does not support the presumption of such affirmative findings.

The background and facts of the case are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the judgment of the trial court.

A trial court may order participation in a SAFP program if it makes an affirmative finding that: (1) drug or alcohol abuse significantly contributed to the commission of the crime or violation of community supervision, and (2) the defendant is a suitable candidate for treatment, as determined by the suitability criteria established by the Texas Board of Criminal Justice. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 14(a), (b) (West Supp. 2012). Appellant argues the trial court did not make the affirmative findings required to place her in the SAFP program and the findings cannot be implied from the record.

The record contains a plea agreement, signed by appellant, in which the State and appellant agreed to deferred adjudication community supervision for seven years and a fine of $2,500, but "open" to the court regarding SAFP. During the open plea hearing, appellant did not dispute that she had a drug problem. Appellant did not dispute whether she was a suitable candidate for a drug treatment program and did not object to receiving drug treatment. Appellant

2

testified that she had an open Child Protective Services (CPS) case with respect to one of her children and had been ordered by CPS to participate in a drug treatment program. The only issue raised was whether the trial court would allow appellant to participate in the drug treatment program she preferred. The record reflects that appellant did not want to participate in SAFP because she preferred the CPS program of in-patient treatment at Turtle Creek Manor. Appellant's counsel asked the trial court to waive SAFP and instead, to allow appellant to participate in the treatment program ordered by CPS. Appellant's counsel suggested that appellant could assure the trial court that she would attend the CPS in-patient program and would give the trial court "some type of guaranty that she would go into this program." The trial court denied the request, stating: "I think we'd better go ahead and, based on a criminal record that goes back to at least 1985, give her the most help we can give her and that would be SAFPF."

A defendant who fails to object to conditions of probation at trial affirmatively accepts them and is barred from complaining about them for the first time on appeal. *See* TEX. R. APP. P. 33.1(a); *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999); *McNeal v. State*, 2012 WL 1976450, at *1 (Tex. App.—Dallas 2012, no pet.). Appellant admits that her trial counsel did not formally object to any of her community supervision conditions after they were imposed. Further, the record reflects that such an objection was not raised in her motion for new trial. Nevertheless, appellant now characterizes her request to participate in the CPS in-patient treatment program in lieu of SAFP to be an "objection" sufficient to preserve the issue for appeal. Appellant also asserts that her refusal to sign the conditions of community supervision constituted an objection. Appellant argues the trial court implicitly ruled on her objection by making SAFP a condition of her community supervision. While we have serious reservations as to whether appellant preserved the complaint, we nonetheless address it.

When a trial judge fails to make specific findings of fact and conclusions of law, it is presumed that the court made the necessary findings to support its decision. *Ice v. State*, 914 S.W.2d 694, 695 (Tex. App.—Fort Worth 1996, no writ) (citing *Vela v. State*, 871 S.W.2d 815, 816–17 (Tex. App.—Houston [14th Dist.] 1994, no writ)). We do not engage in our own factual review; we must determine whether the trial court's finding, in this case the affirmative finding necessary to impose SAFP as a condition of community supervision, is supported by the record. *Id.* at 695–96. If the implied or actual finding is supported by the record, it must be sustained. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

After reviewing the record, we determine there are enough facts in the record to support the trial court's decision. Although appellant did not testify that she had a drug problem, she agreed that she needed drug treatment. She agreed that CPS had ordered her to go to a drug treatment facility. And she testified that she had completed preliminary steps for in-patient treatment at Turtle Creek Manor. Appellant did not withdraw her plea, even after the trial court refused her request for modification.

Given the circumstances of the offense and relying on the entire record, placing defendant on community supervision created the inference that the trial judge found that community supervision was in the best interest of society and the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3(a) (West Supp. 2012). Similarly, by ordering the defendant to SAFP, the trial judge implicitly found that appellant was a suitable candidate for treatment in SAFP. *See Ice*, 914 S.W.2d at 696. We conclude the evidence sufficiently supports the trial court's decision to place appellant in SAFP. Appellant's sole issue is overruled.

4

The judgment of the trial court is affirmed.


DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120111F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JANET MARIE VICKERS, Appellant

No. 05-12-00111-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F11-71427-I.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of February 27, 2013.

_____
DAVID LEWIS
JUSTICE