**AFFIRM; and Opinion Filed August 2, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01149-CR

### ISSA MOHAMMED BANNA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-24054-U**

## MEMORANDUM OPINION
Before Justices Francis, Brown, and Schenck
Opinion by Justice Brown

Issa Mohammed Banna appeals an order of deferred adjudication that imposed confinement and treatment in the Substance Abuse Felony Punishment Facility (SAFPF) as a condition of community supervision. In two issues, appellant contends the trial court lacked authority to order him to SAFPF and abused its discretion in ordering the same. We affirm the trial court's order of deferred adjudication.

BACKGROUND

Appellant waived a jury and pleaded guilty to harassment of a public servant. Appellant and the State entered into a plea agreement that appellant would "go open" to the trial court without an agreed plea bargain as to whether SAFPF would be imposed as a condition of community supervision. During the hearing, both appellant's counsel and the State repeatedly referred to information contained in the affidavit supporting appellant's arrest warrant even

though it was never admitted into evidence. That warrant showed appellant was arrested after he ran around naked in a neighborhood stealing mail and flags. The responding officers described appellant as sweating profusely, muttering gibberish, and being combative. After officers handcuffed him, appellant spat in one officer's face; the officer received treatment at a hospital. After appellant was transferred to a mental hospital, he attacked the medical staff and kicked a nurse in the chest before being placed in restraints.

The trial court heard testimony from Abdul Banna, appellant's brother, and from appellant. Abdul testified appellant had spent a few years in federal prison but currently lived with Abdul and their mother. At the time of the hearing, appellant was on community supervision for a drug case. Appellant wore a "drug patch" to monitor whether he had used drugs and appellant was supposed to complete an outpatient drug treatment program as part of his community supervision. Abdul testified that on the day of the current offense, appellant had been acting "weird" and "different." Abdul became concerned enough about appellant's behavior that he and his mother left the house. Abdul said he did not know if appellant had taken a drug, but he speculated that appellant was either on drugs or had gone crazy.

Appellant denied both that he had been running around a neighborhood naked and that he attacked anyone at the mental hospital. Appellant testified he was wearing workout shorts at the time the officers arrested him because he had been exercising twice a day in preparation for the Olympic track team. Appellant testified he did not remember spitting on the officer, but he might have been "talking gibberish" as the officers reported because he may not have been "in his right mind." Appellant denied any drug use. He blamed his behavior on the thirty-day fast for Ramadan. Appellant testified he spent almost five years in federal prison and said that incarceration included a nine-month drug program. Appellant asked the trial court to be granted

deferred adjudication community supervision with electronic monitoring and a drug patch as community supervision conditions, but not SAFPF.

Before rendering a decision, the trial judge stated:

> Taking peoples mail out of their mailboxes, grabbing flags, asking people to suck on your private parts, kicking a nurse in the chest that's trying to help you, spitting in an officers face, I'm sorry, I find it hard to believe that fasting led to all of that.
> And given the fact that you have admitted before to doing cocaine, marijuana, methamphetamine, ecstasy, Xanax, and K2 -- and you're currently on community supervision for methamphetamine -- I think I have reason to believe there's an issue that we need to address and that's what we're going to do.

The trial court deferred adjudicating appellant's guilt, placed him on three years' community supervision, and assessed a $1,500 fine. The trial court credited the fine and court costs with the time appellant had served in jail, and ordered appellant to SAFPF as a condition of his community supervision.

## TRIAL COURT AUTHORITY

In his first issue, appellant contends the trial court lacked the authority to order him to SAFPF as a condition of community supervision because the trial court did not make an affirmative finding that (1) drug or alcohol abuse contributed to the commission of the offense, and (2) appellant was a suitable candidate for SAFPF, as required by article 42.12, section 14(b)(3) of the code of criminal procedure. The State responds that appellant has failed to preserve the complaint for appellate review and alternatively, that the trial court made affirmative findings pursuant to article 42.12, section 14(b)(3).

Community supervision is an arrangement in lieu of the sentence. *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). A trial court's decision to grant community supervision is "wholly discretionary," and the trial court also has broad discretion to determine the conditions of community supervision. *Id.* at 533. "An award of community supervision is

–3–

not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and a defendant." *Id.* at 534. If a defendant does not object to the community supervision conditions, those conditions are "affirmatively accepted as terms of the contract" and the defendant waives "any rights encroached upon by the terms of the contract." *Id.* Thus, "[a] defendant who benefits from the contractual privilege of community supervision . . . must complain at trial to conditions he finds objectionable." *Id.*; *Ledet v. State,* 177 S.W.3d 213, 221 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (holding appellant who failed to object to conditions of community supervision at trial or file motion for new trial could not object to conditions for first time on direct appeal). This is consistent with the requirement of Texas Rule of Appellate Procedure 33.1(a), which requires a defendant to make a timely and specific objection to preserve his complaint on appeal. *See* TEX. R. APP. P. 33.1(a).

There is no showing in the record that appellant objected to the complained-of condition in the trial court. Because he did not object to the community supervision provisions in the trial court or in a motion for new trial, appellant has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a); *Speth,* 6 S.W.3d at 534–35; *Ledet,* 177 S.W.3d at 221. We overrule his first issue.

### ABUSE OF DISCRETION

In his second issue, appellant contends the trial court abused its discretion in ordering SAFPF as a condition of community supervision because there was no evidence presented that he was under the influence of drugs or alcohol at the time of the offense.

When a trial judge fails to make specific findings of fact and conclusions of law, we presume that the trial court made the necessary findings to support the decision of the court. *See Ice v. State,* 914 S.W.2d 694, 695 (Tex. App.—Fort Worth 1996, no pet.); *Vela v. State,* 871 S.W.2d 815, 816-17 (Tex. App.—Houston [14th Dist.] 1994, no pet.). We must determine

–4–

whether the trial court's finding, in this case the granting of community supervision with SAFPF, is supported by the record.

After reviewing the record, we conclude there are sufficient facts in the record to support the trial court's decision. At the time of the hearing, appellant was on community supervision for possession of one gram or more but less than four grams of methamphetamine and appellant had completed outpatient drug counseling mandated in that case. Prior to that, appellant had served nearly five years in federal prison where he completed a nine-month in-house drug program. Appellant's brother testified appellant wore a drug patch and confirmed he had completed drug counseling, but said appellant had recently begun acting different and was either crazy or on drugs. When asked whether a drug could have caused his brother to run around naked and violently attack people, Abdul replied, "That's fair to say." Although appellant said fasting caused his erratic behavior, the trial court as factfinder could have disagreed. Because there is evidence in the record that appellant had used drugs in the past several years, we conclude the record shows that SAFPF was reasonably related to the purposes of community supervision and the protection of the public in this case. *See Ice*, 914 S.W.2d at 695–96. Thus, the trial court did not abuse its discretion in ordering appellant to SAFPF. We overrule appellant's second issue.

We affirm the trial court's order of deferred adjudication.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

161149F.U05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ISSA MOHAMMED BANNA, Appellant

No. 05-16-01149-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-24054-U.
Opinion delivered by Justice Brown. Justices Francis and Schenck participating.

Based on the Court's opinion of this date, the order of deferred adjudication of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of August, 2017.