

# NUMBER 13-18-00154-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RONALD MCGAUGHEY, Appellant,

v.

THE STATE OF TEXAS, Appellee.

## On appeal from the 105th District Court of Kleberg County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Appellant Ronald McGaughey was indicted for one count of impersonating a public servant and one count of exploiting the elderly or disabled, both third-degree felonies enhanced pursuant to the habitual felony offender statute. *See* Tex. Penal Code Ann. §§ 12.42, 32.11, 32.53. He pleaded guilty pursuant to a plea agreement, and the trial court placed him on deferred-adjudication community supervision for a period of eight years.

Thereafter, the trial court revoked McGaughey's community supervision and sentenced him to twenty-five years' imprisonment. By two issues, McGaughey argues the evidence is insufficient to show he violated counts two and three of the State's motion to revoke his community supervision and his sentence is excessive and disproportionate. We affirm.

## I. BACKGROUND

The State filed a motion to revoke McGaughey's community supervision on January 10, 2018, alleging McGaughey violated conditions of his community supervision by submitting positive drug tests for cocaine and alcohol, among other violations.

At the motion to revoke hearing on September 16, 2018, McGaughey pleaded true to count one of the revocation, and he pleaded not true to counts two through nine. Community Supervision Corrections Officer and Custodian of Records Kristen Jamison testified on behalf of the State that McGaughey tested positive for cocaine and alcohol on at least two occasions as set forth in counts two and three of the State's motion to revoke. Further, she testified that McGaughey reported that he first used alcohol at the age of twenty, used it occasionally, and the date of his last use was 2011. According to Officer Jamison, McGaughey reported that he first used cocaine at the age of twenty and last used it in 1984. McGaughey testified that he did not use cocaine or alcohol since then, and he had "no idea how that [positive] test result came up . . . ."

The trial court found McGaughey violated counts one, two, and three of the State's motion to revoke, revoked his community supervision, and sentenced him to twenty-five years' confinement. This appeal followed.

## II. SUFFICIENCY

By his first issue, McGaughey argues the evidence is insufficient to establish by a

2

preponderance of evidence that he violated counts two and three of the State's motion to revoke.

**A.    Standard of Review and Applicable Law**

We review a trial court's revocation of community supervision under an abuse of discretion standard.  *See Belt v. State*, 127 S.W.3d 277, 280 (Tex. App.—Fort Worth 2004, no pet.).  A trial court abuses its discretion if it revokes community supervision on grounds that are not alleged in the State's motion to revoke. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980).  An order revoking community supervision must be supported by a preponderance of the evidence.  *See id*.  In other words, the burden of proof is on the State to establish that the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his community supervision. *See Maxey v. State*, 49 S.W.3d 582, 584 (Tex. App.—Waco 2001, pet. ref'd).  We view the evidence presented at the revocation hearing in the light most favorable to the trial court's decision.  *Liggett v. State*, 998 S.W.2d 733, 736 (Tex. App.—Beaumont 1999, no pet.).

When a trial court fails to make specific findings of fact and conclusions of law, it is presumed that the court made the necessary findings to support its decision.  *Ice v. State*, 914 S.W.2d 694, 695 (Tex. App.—Fort Worth 1996, no pet.).  We do not engage in our own fact finding, but rather must review the entire record to determine whether there are any facts that lend support for any theory upon which the trial court's decision can be sustained.  *Id*. at 696.  If the implied or actual finding is supported by the record, it must be sustained.  *Id*.  Proof of a violation of one condition of community supervision is sufficient to support the trial court's decision to revoke.  *Garcia v. State*, 387 S.W.3d

20, 26 (Tex. Crim. App. 2012).

## B.    Discussion

The State's motion to revoke alleged that McGaughey violated his community supervision by testing positive in a urinalysis for cocaine and alcohol. Officer Jamison testified that on June 2, 2017 and July 18, 2017, McGaughey was given a urinalysis, and he tested positive for cocaine and alcohol. She further testified that he did not have an explanation as to the positive result. The only evidence controverting this testimony was from McGaughey himself. The trial judge, as the sole judge of the credibility of the witnesses and weight to be given their testimony, did not abuse his discretion by crediting Officer Jamison's testimony and disbelieving McGaughey's testimony.[1] *See Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd) (holding that the probation officer's testimony was sufficient evidence on which to find a violation of a term of appellant's community supervision). Viewed in the light most favorable to the trial court's ruling, we conclude the State met its burden of proving by a preponderance of the evidence that McGaughey violated a term of his deferred adjudication community supervision as alleged in the State's motion. *See Garcia*, 387 S.W.3d at 26. Accordingly, the trial court acted within its discretion in concluding that McGaughey violated Counts Two and Three as alleged in the State's motion to revoke. We overrule McGaughey's first issue.

### III.    SENTENCING

Next, McGaughey argues that his sentence is excessive and disproportionate

---

[1] Nonetheless, McGaughey pleaded true to Count One of the State's motion to revoke. A plea of true alone is sufficient to support revocation of probation. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *see Burns v. State*, 835 S.W.2d 733, 735–36 (Tex. App.—Corpus Christi–Edinburg 1992, pet. ref'd).

because the Eighth Amendment forbids cruel and unusual punishment. *See* U.S. CONST. amend. VIII. The State asserts McGaughey failed to preserve error on this issue.

To preserve a complaint for appellate review that a sentence is grossly disproportionate and constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that a defendant's failure to object to his life sentence of imprisonment as cruel and unusual punishment waived error); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding a defendant could not assert cruel and unusual punishment for the first time on appeal).

After the trial court announced its sentence at the punishment hearing, McGaughey failed to object based on a violation of his Eighth Amendment right. Accordingly, we hold that he has failed to preserve his Eighth Amendment complaint for review. *See* TEX. R. APP. P. 33.1(a). Even if McGaughey had preserved error for our review, he was convicted of one count of impersonating a public servant and one count of exploiting the elderly or disabled, third-degree felonies enhanced as a habitual felony offender, which are punishable by imprisonment for life or for any term of not more than ninety-nine years or less than twenty-five years. *See* TEX. PENAL CODE ANN. §§ 12.42, 32.11, 32.53. Therefore, his sentence of twenty-five years is within the punishment range and the minimum sentence he could receive. *Trevino v. State*, 174 S.W.3d 925, 927 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (holding punishment within the statutory range is not cruel and unusual). We overrule McGaughey's second point of error.

## IV. CONCLUSION

Having overruled McGaughey's issues, we affirm the trial court's judgment.


GINA M. BENAVIDES,
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of August, 2019.