

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00295-CR

**TERRY LANCE MCELYEA,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court No. DC-F201800865**

## MEMORANDUM OPINION

Terry Lance McElyea pled guilty to the offense of driving while intoxicated, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 49.04; 49.09(b)(2). After a hearing on punishment, the trial court sentenced McElyea to 10 years in prison. The sentence was suspended, and McElyea was placed on community supervision for 10 years. As a condition of community supervision, McElyea was required to successfully complete a substance abuse felony punishment facility (SAFPF) program. Because the trial court did

not abuse its discretion in imposing the SAFPF condition, the trial court's judgment is affirmed.

## BACKGROUND

While out on bail for one third-degree-felony DWI offense, committed in March of 2018, McElyea committed another DWI offense when he caused a car accident and his blood alcohol concentration was 0.304. This offense occurred in July of 2018 and is the subject of this appeal. In one issue, McElyea contends the trial court abused its discretion in requiring the completion of a SAFPF program as a condition of community supervision because, McElyea contends, there was no evidence to support an implied finding that he was a suitable candidate for that program.

## CONDITIONS OF COMMUNITY SUPERVISION

The trial court may impose any reasonable condition of community supervision that is not duplicative of another condition and that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant. TEX. CODE CRIM. PROC. ANN. art. 42A.301. The trial court may also require as a condition of community supervision that the defendant serve a term of confinement and treatment in a substance abuse felony punishment facility (SAFPF) if the court makes an affirmative finding that drug or alcohol abuse significantly contributed to the commission of the offense and the defendant is a suitable candidate for treatment. *Id*. art. 42A.303(a), (c)(2). When, as in this case, the trial court fails to explicitly make affirmative findings, it is presumed that the court made the necessary findings to support its decision. *Ice v. State*, 914 S.W.2d 694, 695 (Tex. App.—Fort Worth 1996, no pet.). Such implied findings, if

supported in the record by any facts or any theory, require us to sustain the trial court's decision. *Id*. at 696.

STANDARD OF REVIEW

A trial court's decision to grant community supervision is "wholly discretionary," and the trial court has broad discretion to determine the conditions of community supervision to be imposed. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). Thus, we review the imposition of a condition of community supervision, such as SAFPF, for an abuse of discretion. *See Briseno v. State*, 293 S.W.3d 644, 647 (Tex. App.—San Antonio 2009, no pet.); *LeBlanc v. State*, 908 S.W.2d 573, 574 (Tex. App.—Fort Worth 1995, no pet.).

ARGUMENTS AND EVIDENCE

McElyea asserts that he was not a suitable candidate for SAFPF because: 1) he completed a 30-day inpatient treatment program; 2) he regularly attended a local Alcoholics Anonymous program and had been sober at the time of the punishment hearing for 13 months; 3) his therapist and treatment counselor each testified that he did not need further inpatient treatment and that it could be detrimental to him if he attended further inpatient treatment; 4) his probation officer did not specifically recommend SAFPF as a preferred long-term inpatient treatment program; and 5) after being sentenced at the same time to six years in prison for the March 2018 offense, SAFPF for the July 2018 offense was irrelevant.

However, there was also testimony presented that would support an implied finding that McElyea was a suitable candidate for SAFPF. During the sentencing hearing, McElyea admitted that in the year or two prior to his DWI arrest in March of 2018, he had

driven after drinking "quite a bit…more than 25 times." At the time of McElyea's DWI arrest in July 2018, he described himself as "an alcoholic out of control" and admitted that he "could not stop drinking." In the March offense, McElyea had a blood-alcohol-concentration of 0.130 and drove with other persons in his vehicle. McElyea's blood-alcohol-concentration in the July offense, committed only four months later, was 0.304, and he collided with another vehicle causing the driver of the other vehicle to suffer a concussion. The record also reflects that McElyea repeatedly violated his bail conditions for the March offense by continuing to test positive for alcohol and by skipping required tests for alcohol.

Both McElyea's therapist and treatment counselor testified that the relapse rate is 60% even for persons who participate in inpatient treatment. In reference to McElyea's year of abstinence, the therapist testified that "a year is not a whole long time." Although McElyea's probation officer did not specifically recommend SAFPF (she left that to the decision of the trial court), she did recommend that McElyea complete a long-term, inpatient treatment program. The probation officer testified that she based her recommendation on her pretrial investigation which included (1) the SASSI-4 substance abuse screen for McElyea which indicated that he had a "high probability of having a substance-abuse disorder" and (2) McElyea's criminal history. No long-term, inpatient treatment program other than SAFPF was offered for the trial court's consideration.

**APPLICATION AND CONCLUSION**

After reviewing the entire record, and for the reasons stated above, we find the trial court did not abuse its discretion in making the implied finding that McElyea was a

suitable candidate for SAFPF and including the program in McElyea's conditions of supervision.

McElyea's sole issue on appeal is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed March 23, 2020
Do not publish
[CR25]

