# NO. 12-22-00104-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NICHOLE MARIE CHRISTENBERRY,*<br>*APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *WOOD COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury convicted Appellant, Nichole Marie Christenberry, of assault on a peace officer. In accordance with the jury's verdict, the trial court assessed punishment at ten years, then suspended imposition of sentence, placed Appellant on community supervision for ten years, and assessed a fine of $10,000. In seven issues, Appellant challenges the trial court's imposition of a condition of community supervision that required her to successfully complete a substance abuse felony punishment facility (SAFPF) program and the trial court's order requiring her to repay the fees for her court-appointed attorney. We modify and affirm as modified.

## BACKGROUND

On December 5, 2020, Officer David Tipps of the Mineola Police Department arrested Appellant and handcuffed her. When Tipps placed Appellant in his patrol vehicle, she was angry and tried to kick the vehicle's windows. Tipps took Appellant to the police station, and she was searched and brought to the book-in room. Tipps explained that when his shift ended, he was still dealing with Appellant, and Officer Lauren Bates took over. Appellant made some telephone calls, and Bates instructed Appellant to get off the phone so she could be placed in a holding cell. Bates testified that Appellant told the person she was speaking to on the telephone that "it wasn't going to be good" and "she wasn't going to go into her cell[.]" Bates asked her animal control officer to

stand at the door because Bates had observed that Appellant was "obviously getting frustrated[]" and was raising her voice.

Bates decided to escort Appellant to the holding cell, and as she led Appellant into a hallway, Appellant began to pull away from her. Appellant raised her hand, so Bates attempted to de-escalate the situation by getting Appellant onto the floor. Appellant flailed, shouted, and resisted, and Bates then turned Appellant against the wall. Appellant grabbed a pen from Bates's pocket, but Bates took the pen from her and threw it across the hall. Bates explained that when she attempted to grab Appellant's arms to restrain her, Appellant bit Bates's wrist. After hearing the evidence, the jury found Appellant "guilty."

During the punishment phase, Tipps testified that he encountered Appellant after receiving a call for service from Best Western Hotel in Mineola. When Tipps arrived at the scene, Appellant was asleep in the passenger side of a vehicle, and an officer awakened Appellant to get her identification. According to Tipps, officers found narcotics inside Appellant's bag in the vehicle, so Tipps arrested Appellant for possession of a controlled substance. According to Tipps, Appellant resisted arrest and screamed profanities. Appellant admitted to Tipps that the methamphetamine officers found belonged to her and that she also took a pill and consumed alcohol. Tipps testified that Appellant appeared to be "under the influence of something[.]" When asked whether Appellant "is contributing to the drug problem of Mineola[,]" Tipps responded affirmatively.

The jury assessed punishment at ten years of confinement and a fine of $10,000, but recommended that imposition of Appellant's sentence be suspended and that she be placed on community supervision. While the judge was pronouncing sentence, the prosecutor asked that Appellant "be required, due to her admission of drug problems," to complete SAFPF as a condition of probation. Defense counsel objected that the jury did not "know the conditions of probation." The trial judge responded that the jury may recommend probation but cannot decide the terms and conditions of probation, and the judge signed a judgment of conviction that required Appellant to complete SAFPF as a condition of community supervision. This appeal followed.

## PARTICIPATION IN SAFPF AS CONDITION OF PROBATION

In issue one, Appellant argues that the trial court erred by overruling her objection and requiring her to complete SAFPF as a condition of her community supervision. In issue two,

Appellant asserts that the trial court erred by ordering her to complete SAFPF because it "failed to make an affirmative finding that drug or alcohol abuse significantly contributed to the commission of the offense." In issue three, Appellant contends that the trial court erred by requiring SAFPF because it "failed to make an affirmative finding that Appellant was an eligible candidate for treatment from a substance abuse felony facility." We address issues one, two, and three together.

**Standard of Review and Applicable Law**

We review the imposition of a condition of community supervision, such as SAFPF, for an abuse of discretion. *Tamez v. State*, 534 S.W.2d 686, 690-93 (Tex. Crim. App. 1976); *Briseño v. State,* 293 S.W.3d 644, 647 (Tex. App.—San Antonio 2009, no pet.). The trial court has broad discretion to determine the conditions of community supervision to be imposed. *Butler v. State*, 189 S.W.3d 299, 303 (Tex. Crim. App. 2006); *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). "Specifically, "[t]he judge may impose any reasonable condition that is . . . designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." TEX. CODE CRIM. PROC. ANN. art. 42A.301(a) (West Supp. 2022). Under appropriate circumstances, the trial court may impose SAFPF as a condition of community supervision. *Id*. art. 42A.303 (West Supp. 2022). SAFPF is authorized when the trial court affirmatively finds that drug or alcohol abuse significantly contributed to the commission of a felony offense and the defendant is a suitable candidate for substance abuse treatment. *Id*. art. 42A.303(c)(2) When, as here, the trial court does not explicitly make affirmative findings, we presume that the trial court made the necessary findings to support its decision. *Ice v. State*, 914 S.W.2d 694, 695 (Tex. App.—Fort Worth 1996, no pet.). If the record supports such implied findings, we must sustain the trial court's decision. *Id*. at 696.

**Analysis**

Appellant does not assert that drugs and alcohol did not significantly contribute to the commission of the crime or that she is not a suitable candidate for SAFPF; rather, she only complains that the trial court failed to explicitly make such findings. By ordering Appellant to complete SAFPF, the trial court implicitly found that drug or alcohol abuse significantly contributed to the commission of the crime and that Appellant was a suitable candidate for SAFPF. *See id*. The trial court heard Tipps testify that he found Appellant asleep in a vehicle in a hotel parking lot, and he explained that she appeared to be under the influence during his encounter with her. Tipps also testified that Appellant admitted that she took methamphetamine, a pill of some

sort, and consumed "a drink[.]" Bates testified that Appellant resisted and bit Bates's wrist. We conclude that the record supports the trial court's implied findings that drug abuse significantly contributed to the commission of the offense and that Appellant was a suitable candidate for SAFPF. *See id.* Therefore, the trial court did not abuse its discretion by ordering Appellant to complete SAFPF as a condition of community supervision. *See **Butler***, 189 S.W.3d at 303; ***Tamez***, 534 S.W.2d at 690-93; ***Briseño***, 293 S.W.3d at 647; *see also* TEX. CODE CRIM. PROC. ANN. art. 42A.303. Accordingly, we overrule issues one, two, and three.

## REPAYMENT OF FEES FOR COURT-APPOINTED ATTORNEY

In issue four, Appellant argues that the trial court erred by requiring her to pay the fees for her court-appointed attorney as a condition of community supervision without having made a finding that she has the financial resources to do so. In issue five, Appellant contends there was insufficient evidence to support the reasonableness, necessity, and amount of the attorney's fees. In issue six, Appellant asserts that the trial court erred by requiring her to pay court-appointed attorney's fees because the trial court did not include payment of attorney's fees in its pronouncement of sentence. In issue seven, Appellant argues that the trial court erred by requiring her to pay court-appointed attorney's fees as a condition of community supervision because the judgment of conviction did not require her to do so. Because issue four is dispositive, we will address it first.

### Standard of Review and Applicable Law

Article 26.05(g) of the Texas Code of Criminal Procedure allows the trial court to order a defendant to repay costs of court-appointed legal counsel that the court finds the defendant is able to pay. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2022). Unless a material change in a criminal defendant's financial resources is established by competent legal evidence, once the trial court has found the defendant to be indigent, she is presumed to remain indigent for the remainder of the proceedings. *Id*. art. 26.04(p) (West Supp. 2022). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." ***Mayer v. State***, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). We review the trial court's order requiring Appellant to repay court-appointed attorney's fees for evidentiary sufficiency; that is, we determine whether the trial court could have reasonably determined that (1) Appellant's financial circumstances materially changed

4

and (2) Appellant was able to pay the court-appointed attorney's fees. *See id.*; ***Dieken v. State***, 432 S.W.3d 444, 447 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p).

## Analysis

The record reflects that the trial court found Appellant indigent and appointed counsel for her. However, the trial court's order containing the conditions of Appellant's community supervision requires Appellant to pay court-appointed attorney's fees of $475 at the rate of $10 per month, and the trial court's judgment states that the order "setting forth the conditions of community supervision is incorporated herein by reference." The State concedes in its brief that the record does not support requiring Appellant to repay the attorney's fees and maintains that this Court should modify the conditions of community supervision by vacating the requirement of repaying the fees.

We conclude that there is no evidence in the record of a change in Appellant's financial circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); ***Mayer***, 309 S.W.3d at 556; ***Dieken***, 432 S.W.3d at 447. Accordingly, we sustain issue four. We need not address issues five, six, and seven because they would not result in greater relief. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having overruled issues one, two, and three, and having sustained issue four, we ***modify*** the trial court's judgment and community supervision order to delete the requirement that Appellant pay $475 in attorney's fees at the rate of $10 per month. *See **Cates v. State***, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (holding that when evidence is insufficient to support order requiring reimbursement of attorney's fees, proper remedy is to modify judgment by deleting order to repay attorney's fees). As ***modified***, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered March 8, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 8, 2023**

**NO. 12-22-00104-CR**

**NICHOLE MARIE CHRISTENBERRY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 24,492-2021)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment and community supervision order of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment and community supervision order of the court below be **modified** to delete the requirement that Appellant pay $475 in attorney's fees at the rate of $10 per month; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*