Michael Carlton SKINNER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–07–00520–CR, 05–07–00521–CR.

Court of Appeals of Texas, Dallas.

July 21, 2008.

Taryn Davis, Law Office of Taryn Davis, Kaufman, TX, for Appellant.

J. Landon K. Schmidt, Crim. Dist. Atty., Kaufman, TX, for State.

Before Justices WHITTINGTON, BRIDGES, and FRANCIS.

### OPINION ON REHEARING

Opinion by Justice FRANCIS.

We grant the State's motion for rehearing, withdraw our opinion of May 21, 2008, and vacate the Court's judgments of that date. The following is now the opinion of the Court.

Michael Carlton Skinner entered open pleas of guilty to two indictments, each alleging one aggravated sexual assault count, one indecency with a child by contact count, and two indecency with a child by exposure counts. After finding him guilty, the trial court set punishment at twenty years in prison for each aggravated sexual assault count, ten years in prison for each indecency with a child by contact count, and five years in prison on each indecency with a child by exposure count. In two issues, appellant contends he received ineffective assistance of counsel and the trial court failed to admonish him

properly before accepting his guilty pleas. We affirm.

In his first issue, appellant contends he received ineffective assistance of counsel. We review allegations of ineffective assistance of counsel to determine whether counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's errors, the result would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Appellant argues counsel misinformed him he was eligible for regular probation, did not object when the trial court mentioned regular probation, did not challenge the admissibility of his written confession, and did not object to exhibits. Appellant asserts counsel's errors harmed him because he rejected the State's ten-year plea bargain offer in favor of pursuing deferred adjudication, for which he was ineligible.

■ As to appellant's arguments trial counsel misinformed appellant about his eligibility for probation and counsel should have objected to statements the trial court made about his probation eligibility, the record does not support these contentions. At the conclusion of plea negotiations, appellant rejected the State's ten-year plea offer on all cases. The trial court outlined the range of punishment for first and second-degree felonies and explained to appellant if he went to trial and was found guilty, only a jury could give him "probation" on a "3g offense." The trial court then asked appellant if he was "probation eligible in those cases, you have no prior felony convictions?" Appellant responded that he had none. Based on that information, the trial court properly admonished appellant as to his ability to receive probation from a jury. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, §§ 3g(a)(1)(C),(E), 4(a),(e) (Vernon Supp.2007). Trial counsel then discussed how the law would allow appellant to receive a "probated" sentence, that being probation from a jury and deferred adjudication from the trial court. *See id.* art. 42.12, §§ 4(a),(e), 5(a),(d).

Appellant argues because the parties later learned appellant in fact had a prior felony conviction, making him ineligible for probation from a jury, this rendered counsel's earlier admonishments incorrect. The record establishes after the prior felony conviction was discovered, the intent of appellant and his counsel was to seek deferred adjudication from the trial court. Appellant testified at the sentencing hearing trial counsel explained he was eligible for deferred adjudication and, instead of withdrawing his plea and going to trial, he wanted to go forward and "try" for deferred adjudication. Nothing in the record reflects appellant was ineligible for deferred adjudication.

After appellant entered his pleas of guilty, counsel called him to testify briefly about his understanding of the plea proceedings. During questioning, appellant affirmed his understanding that he was pleading guilty so he could request deferred adjudication probation from the trial court, and he understood he might receive deferred adjudication or he might be imprisoned for up to ninety-nine years or life. Appellant affirmed to the trial court that he was pleading guilty freely and voluntarily. Nothing in the record contradicts appellant's affirmations.

■ As for his complaints about counsel's failure to object to evidence, appellant largely concedes, and we agree, these issues are not reviewable on direct appeal. Appellant did not file a motion for new trial, and the record does not reflect any explanations from trial counsel regarding his trial strategy, although clearly counsel was attempting to comply with appellant's

stated desire to plead guilty and ask the court to place him on deferred adjudication. Under these circumstances, we conclude the record is insufficient to review the merits of appellant's complaints. *See Thompson v. State,* 9 S.W.3d 808, 813–14 (Tex.Crim.App.1999). We overrule appellant's first issue.

In his second issue, appellant contends his substantial rights were affected, and he entered his guilty pleas without knowing their consequences, when the trial court wholly failed to admonish him of the punishment range for indecency with a child by exposure and of the requirement that he register as a sex offender. Before accepting a guilty plea, the trial court must admonish the defendant about the consequences of his plea. *See* Act of May 29, 1999, 76th Leg., R.S., ch. 1415, § 1, 1999 Tex. Gen. Laws 4831, 4831–32 (amended 2007) (current version at Tex.Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2007)). The trial court may deliver the admonishments orally or in writing. *See* Tex.Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp.2007). If the admonishments given substantially comply with the requirements of article 26.13, the burden shifts to the defendant to show he was unaware of the consequences of his plea and that he was harmed or misled by the admonishments. *See id.* art. 26.13(c).

■ The trial court should have admonished appellant indecency with a child by exposure is a third-degree felony punishable by confinement for two to ten years and a fine of up to $10,000. *See* Tex. Penal Code Ann. §§ 12.34, 21.11(a)(2)(A),(B) & (d) (Vernon 2003). Instead, it admonished him in writing that all of the indecency with a child allegations were second-degree felonies punishable by confinement for two to twenty years and a fine of up to $10,000. Thus, the question is whether the inaccurate admonishments

substantially complied with article 26.13(a). Under these circumstances, we conclude they did.

When the trial court issues an inaccurate punishment-range admonishment but sentences the defendant within both the actual and stated range, the admonishment substantially complies with article 26.13. *Robinson v. State,* 739 S.W.2d 795, 801 (Tex.Crim.App.1987) (per curiam). Appellant's five-year sentences for indecency with a child by exposure fall within both the actual and stated range for the offense. Because the admonishments substantially complied with article 26.13, appellant must show he was unaware of the consequences of his plea and that he was harmed or misled by the admonishments. *See* Tex. Code Crim. Proc. Ann. art. 26.13(c). Appellant has not met his burden.

The trial court correctly admonished appellant of the punishment range for first-degree felony aggravated sexual assault and second-degree felony indecency with a child by contact—the four most serious offenses. The record shows appellant understood he could receive a life sentence on the aggravated sexual assaults if his request for deferred adjudication failed. If the prospect of a life sentence would not change his course, we cannot conclude knowledge that he faced less time than admonished on the comparatively minor third-degree felony offenses would have affected his pleas. We conclude appellant has not met his burden to show he was unaware of the consequences of his pleas and that he was harmed or misled by the admonishments. *See id.*

■ Appellant also complains, and the State concedes, he was not admonished he would have to register as a sex offender. *See* Act of May 29, 1999, 76th Leg., R.S., ch. 1415, § 1, 1999 Tex. Gen. Laws 4831, 4831–32 (amended 2007) (current version at Tex.Code Crim. Proc. Ann. art.

26.13(a)(5) (Vernon Supp.2007)). Having reviewed the record, we agree. Nevertheless, article 26.13(h) prohibits us from setting aside the convictions for failure of the trial court to admonish appellant about sex offender registration in accordance with article 26.13(a)(5). *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(h) (Vernon Supp. 2007). Accordingly, we overrule appellant's second issue.

We affirm the trial court's judgments.