**MODIFY and AFFIRM; and Opinion Filed July 3, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00997-CR**

**No. 05-18-00998-CR**

**RICHARD LEON GOFF, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-58936-U, F17-71049-U**

# MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Brown

Appellant Richard Leon Goff pleaded guilty to unlawful possession of a firearm by a felon (UPF),[1] and delivery of methamphetamine, a controlled substance, weighing more than four grams and less than 200 grams (delivery).[2] In each case, the trial court placed appellant on deferred-adjudication community supervision for nine years. In six issues, appellant appeals the orders of deferred adjudication, contending the trial court erred in (1) imposing community supervision conditions requiring treatment in the Substance Abuse Felony Punishment Facility (SAFPF) and related aftercare and (2) failing to properly admonish him on the applicable ranges of punishment. In two additional issues, appellant requests that we reform the order in the UPF case to correct

---

[1] Trial court cause number F17-58936-U; appellate cause number 05-18-00997-CR.

[2] Trial court cause number F17-71049-U; appellate cause number 05-18-00998-CR.

clerical errors. We modify the trial court's order in the UPF case and, as modified, affirm. We also affirm the trial court's order in the delivery case.

BACKGROUND

In separate indictments, appellant was charged with a first-degree felony offense of delivery and a third degree felony offense of UPF. During a March 2018 hearing, the trial court admonished appellant the range of punishment for the delivery offense was "not more than 5 or less than 99 years or life" and an optional fine of not more than $10,000. The State offered appellant twelve years in the penitentiary as part of a plea bargain. The State also advised that appellant had prior felonies in Michigan, and the trial court admonished appellant the State could use those felonies to raise the minimum range of punishment to fifteen years.

In May 2018, the trial court held a plea hearing in both cases jointly. He admonished appellant on the range of punishment for both offenses:

> You have a first degree felony for unlawfully and knowingly deliver, actually transfer controlled substance, methamphetamine, 4 grams or more but less than 200 grams. And as I said, the first degree felony is punishable by a term not less than 5 nor more than 99 years or life in the state penitentiary. And also a fine not to exceed $1000 may be imposed.

> You also have a charge in Cause No. 17-58936, unlawful possession of a firearm by a felon. Third degree felony is punishable by a term not less than two nor more than 10 years in the state penitentiary. And also a fine not to exceed $10,000 may be imposed.

The trial court asked if appellant understood, and he responded, "Yes, sir, I do, Your Honor." The State made a plea offer of "8 to do together, run CC, no deadly weapon finding." When the trial court asked appellant what he wanted to do, he replied, "Your Honor, honestly throw myself on your mercy. I was wondering if it's maybe any kind of program or probation, anything I could do." The trial court asked appellant if he meant he wanted to plead guilty in the cases, have a study done by the probation department, and return for a punishment decision that could range from probation to a life sentence in the state penitentiary, and appellant responded yes.

–2–

The parties executed the paperwork required for appellant's open pleas of guilty to the offenses. The plea forms, which appellant signed, contained admonishments for the applicable range of punishment for each offense. The trial court then again orally admonished appellant on the applicable range of punishment for each offense, and appellant entered his pleas. The trial court confirmed appellant understood "[w]hat we're doing here today," his attorney had explained the papers to him, and that he wanted to plead guilty, have a pre-sentence investigation report prepared, and return at a later date for punishment. The State offered, and the trial court admitted, appellant's signed voluntary judicial confession and stipulation of evidence in each case. The trial court accepted the pleas and found the evidence substantiated appellant's guilt, but deferred entering findings of guilt.

At a June 6, 2018 sentencing hearing, appellant again asked for the trial court's mercy. According to appellant, he had struggled with drugs all his life and had spent years in and out of programs, jails, and prisons. He had a job and was steering clear of drugs and old friends that put him in bad situations, but "that lifestyle" caught up with him and he made bad decisions. He asked the trial court for probation so he could go home, work, reestablish himself, and see his ailing mother in Michigan.

After reviewing appellant's file, testimony, and pleas and the statements by the State and appellant's counsel, the trial court sentenced appellant to nine years in the penitentiary, deferred the sentence, and placed appellant on deferred-adjudication community supervision for nine years in each case. Among other conditions of his community supervision, appellant was required to participate for an indeterminate term of confinement and treatment of not less than ninety days or more than twelve months in SAFPF and, following his release, participate in a drug/alcohol continuum of care treatment plan. On June 29, 2018, appellant requested the trial court to remove those conditions, but the trial court denied the request. This appeal followed.

–3–

COMMUNITY SUPERVISION CONDITIONS

In his first four issues, appellant contends the trial court lacked authority to order, and abused its discretion in ordering, SAFPF and aftercare treatment as conditions of his community supervision because the trial court did not make the required affirmative finding that drug or alcohol abuse significantly contributed to the commission of the offenses and appellant was a suitable candidate for SAFPF treatment. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.303(c)(2). The State responds that appellant did not preserve his complaints because he did not object in the trial court and, alternatively, the evidence supports the implied affirmative finding required of the trial court.

A trial court's decision to grant community supervision is "wholly discretionary," and the trial court also has broad discretion to determine the conditions of community supervision. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). "An award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and a defendant." *Id.* at 534.

A trial court may impose any reasonable condition of community supervision that is not duplicative and is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant. CRIM. PROC. art. 42A.301(a). If a trial court makes an affirmative finding that (1) drug or alcohol abuse significantly contributed to the commission of a crime or violation of community supervision, as applicable, and (2) the defendant is a suitable candidate for treatment, it may impose a term of confinement and treatment in SAFPF as a condition of community supervision. *See* CRIM. PROC. art. 42A.303(a), (c)(2). A trial court ordering a defendant to SAFPF as a condition of community supervision also must require that the defendant, upon release from SAFPF, participate in a drug or alcohol abuse continuum of care treatment plan. *See* CRIM. PROC. art. 42A.303(d).

–4–

When a trial court fails to make specific findings of fact, we presume it made the necessary findings to support its decision. *Ice v. State*, 914 S.W.2d 694, 695 (Tex. App.—Fort Worth 1996, no pet.) (citing *Vela v. State*, 871 S.W.2d 815, 816–17 (Tex. App.—Houston [14th Dist.] 1994, no pet.)). We may not engage in our own factual review, but review the entire record for any facts that lend support for the trial court's decision. *See Ice*, 914 S.W.2d at 695–96 (citing *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)). If the implied findings are supported by the record, we must sustain the trial court's decision. *See Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2012) (reviewing courts defer to trial court's implied factual findings that are supported by the record); *Romero*, 800 S.W.2d at 543.

Assuming without deciding that appellant did not forfeit his complaint on appeal, we nevertheless conclude the affirmative finding required by article 42A.303(c)(2) can be implied from the record. *See, e.g., Ice*, 914 S.W2d at 695–96. Appellant specifically requested placement in a "program or probation" when entering his guilty pleas. At the subsequent sentencing hearing, he testified he had struggled with drugs his entire life and acknowledged his "lifestyle" included drugs and friends that "put him in bad situations" and caused him to make bad decisions. Indeed, one of the charged offenses was for delivery of methamphetamine. Appellant subsequently represented he had stayed away from drugs after 2015, which preceded the UPF offense, but the trial court was free to disbelieve him in light of his previous testimony.

Although the trial court failed to orally pronounce the findings required by article 42A.303(c) or include them in writing[3] in its orders of deferred adjudication, we presume the trial court made the necessary findings to support its decision. *See id.*, 914 S.W.2d at 695. By ordering the defendant to SAFPF, the trial court implicitly found that appellant was a suitable candidate for

---

[3] The "special findings or orders" sections in the orders of deferred adjudication reflect that appellant was ordered to SAFPF as a condition of community supervision, but do not set out any specific findings.

–5–

treatment in SAFPF. *Id.* at 696. And, the evidence, including appellant's own testimony regarding his struggle with drugs, supports an implied finding that drug abuse significantly contributed to the commission of the offenses and appellant was a good candidate for SAFPF.[4] *See id.* at 695. Accordingly, we conclude the record contains sufficient facts to support the trial court's implied affirmative finding required under article 42A.303(c)(2), and the trial court neither lacked authority nor abused its discretion in ordering appellant to SAFPF treatment. As a result, article 42A.303(d) required the trial court also to impose participation in an aftercare program as a condition of appellant's community supervision, *see* CRIM. PROC. art. 42A.303(c)(2), and the trial court neither lacked authority nor abused its discretion in doing so. We overrule appellant's first, second, third, and fourth issues.

### ADMONISHMENTS

In his fifth and sixth issues, appellant complains the trial court failed to property admonish him on the correct range of punishment in each case as required by article 26.13 of the code of criminal procedure. *See* CRIM. PROC. art. 26.13(a)(1). The State responds that the trial court substantially complied with article 26.13 and appellant failed to show he was unaware of the consequences of his pleas or harmed by an incorrect admonishment.

Article 26.13(a) requires the trial court to provide a defendant certain admonishments, including an admonishment on the applicable range of punishment for an offense, before accepting a guilty plea. *See id.* at (a)(1)–(a)(6). The admonishments ensure the defendant enters a constitutionally valid plea with full knowledge of the consequences. *Carranza v. State*, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998); *Luckett v. State*, 394 S.W.3d 577, 580 (Tex. App.—Dallas 2012, no pet.). An admonishment that substantially complies with article 26.13(a)(1) is

---

[4] Appellant argues the record contains no evidence that he committed the offenses while under the influence of drugs or alcohol, but cites no authority, and we have found none, requiring such evidence to support a trial court's finding under article 42A.303(c)(2) that drug or alcohol abuse "significantly contributed" to the commission of an offense.

sufficient to satisfy the statute. *See* CRIM. PROC. art. 26.13(c); *Luckett*, 394 S.W.3d at 580. When the record reflects the trial court incorrectly admonished a defendant, but assessed punishment within the actual and stated range for the offense, the admonishment will be deemed to substantially comply with article 26.13(a)(1). *Robinson v. State*, 739 S.W.2d 795, 801 (Tex. Crim. App. 1987) (per curiam); *Skinner v. State*, 334 S.W.3d 12, 15 (Tex. App.—Dallas 2008, no pet.). Substantial compliance with article 26.13(a) constitutes a prima facie showing the defendant's plea was knowing and voluntary. *Robinson*, 739 S.W.2d at 801. The burden then shifts to the defendant to affirmatively show he was unaware of the consequences of his plea and was misled or harmed by the trial court's admonishment. *See* CRIM. PROC. art. 26.13(c); *Robinson*, 739 S.W.2d at 801; *Luckett*, 394 S.W.3d at 580.

The delivery offense is a first degree felony carrying a punishment range of imprisonment for life or for any term of not more than ninety-nine years or less than five years and an optional fine not to exceed $10,000. *See* TEX. PEN CODE ANN. § 12.32; TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d). The UPF offense is a third degree felony carrying a punishment range of imprisonment for any term of not more than ten years or less than two years and an optional fine not to exceed $10,000. *See* PEN. §§ 12.34, 46.04(a), (e).

Appellant acknowledges the trial court explained the correct ranges of punishment, but contends it did not substantially comply with article 26.13's requirements in light of multiple erroneous explanations. Specifically, the trial court misspoke when it first admonished appellant he would receive "not more than 5 or less than 99 years or life" in the delivery case. Appellant also complains of the trial court's admonishment during the subsequent plea hearing that he could "get anywhere from 2 years on the third degree and all the way up to life, 99 years in the state penitentiary."

The record reflects the trial court misspoke in its initial oral statement of the range of punishment in the delivery case by switching the minimum and maximum term of years' confinement. The trial court properly admonished appellant on the punishment range for each offense at the outset of the subsequent plea hearing. The trial court then appeared to refer to the punishment for the offenses together when it clarified that appellant sought to plead guilty and return for a decision on punishment, advising, "But when you come back, you can get anywhere from 2 years on the third degree and all the way up to life, 99 years in the state penitentiary."

Thereafter, though, the parties executed the plea forms, which set out the correct admonishment for the applicable ranges of punishment: "5-99 years or Life and an optional fine not to exceed $10,000" in the delivery case; and "2-10 years confinement and an optional fine not to exceed $10,000" in the UPF case. Appellant signed the forms, acknowledging he read and understood the admonitions. The trial court again orally admonished appellant as to the correct range of punishment for each offense before accepting appellant's pleas. Appellant indicated he understood the admonishments. Despite the initial misstatements, the trial court provided the correct admonishments orally and in writing before accepting appellant's pleas, and appellant indicated he understood them both orally and in writing. On the record as a whole, we conclude the trial court substantially complied with article 26.13(a)(1), sentencing appellant within the actual and stated ranges for the offenses. *See, e.g., Lemmons v. State*, 133 S.W.3d 751, 758–59 (Tex. App.—Fort Worth 2004, pet. ref'd).

Because the trial court's admonishments substantially complied with article 26.13(a)(1), the burden shifted to appellant to affirmatively show he was unaware of the consequences of his plea and was misled or harmed by the admonishments. *See* CRIM. PROC. art. 26.13(c); *Robinson*, 739 S.W.2d at 801; *Luckett*, 394 S.W.3d at 580. Appellant, however, has made no such showing. Indeed, appellant argues only that the given admonishments were confusing. Here, the record

reflects appellant was aware of the applicable punishment ranges for the offenses and wished to plead guilty in order to request community supervision. He has not shown he was unaware of the consequences of his pleas or misled by the incorrect portion of the admonishments. *See Luckett*, 394 S.W.3d at 581–82. Accordingly, we overrule appellant's fifth and sixth issues.

MODIFICATION OF DEFERRED ADJUDICATION ORDER

In his seventh and eighth issues, appellant requests that we reform the trial court's order of deferred adjudication in the UPF case to reflect the correct statute for the offense and remove duplicate court costs. The State agrees the order should be modified.

When a record contains the necessary information, we may modify an incorrect judgment to correct clerical errors. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Here, the indictment alleged unlawful possession of a firearm by a felon in violation of Texas Penal Code section 46.04. *See* TEX. PEN. CODE ANN. § 46.04. The trial court's order of deferred adjudication correctly refers to the offense as "Unlawful Possession of a Firearm/Felon," but erroneously lists the "Statute for Offense" as "49.04 Penal Code."[5] Because the order contains a clerical error that we have authority to correct, we agree the order's statute of offense should be modified. We sustain appellant's seventh issue. *See Bigley*, 865 S.W.2d at 27; *Asberry*, 813 S.W.2d at 529–30.

When a defendant is prosecuted for more than one offense in a single criminal action, court costs may be assessed only once and the amount of the court costs is to be assessed using the "highest category of offense." CRIM. PROC. art. 102.073.[6] Here, the orders of deferred adjudication

---

[5] Section 49.04 applies to driving while intoxicated offenses. *See* PEN. § 49.04.

[6] Article 102.073 provides in part:

(a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

reflect court costs were assessed in both cases. Because the cases were tried in a single criminal action, court costs were properly assessed only for the first-degree delivery offense, which is a higher category offense than the UPF, a third-degree felony. *See id.*; *Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016) (op. on reh'g), *pet. dism'd, improvidently granted*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. 2017) (per curiam). Accordingly, we agree the order of deferred adjudication in the UPF case should be modified to delete the assessed court costs. *See* TEX. R. APP. P. 43.2(b), 43.6; *Bigley*, 865 S.W.2d at 27; *Williams*, 495 S.W.3d at 590; *cf. Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (where trial court erroneously included certain amounts as court costs in judgment, appeals court should modify judgment to delete erroneous amounts). We sustain appellant's eighth issue.

We reform the order of deferred adjudication in the UPF case to (1) replace "49.04" with "46.04" as the "Statute of Offense" and (2) delete the $249 assessed for court costs. As modified, we affirm the order of deferred adjudication. *See* TEX. R. APP. P. 43.2(b).

We also affirm the trial court's order of deferred adjudication in the delivery case.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

180997F.U05

---

(b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

CRIM. PROC. art. 102.073.

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICHARD LEON GOFF, Appellant

No. 05-18-00997-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-58936-U.
Opinion delivered by Justice Brown;
Justices Bridges and Nowell participating.

Based on the Court's opinion of this date, the trial court's order of deferred adjudication is **MODIFIED** as follows:

Replace "49.04 Penal Code" in the "Statute for Offense" section with "46.04 Penal Code"; and

Delete the $249 assessed as "Court Costs."

As **MODIFIED**, the order is **AFFIRMED**.

Judgment entered this 3rd day of July, 2019.

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICHARD LEON GOFF, Appellant

No. 05-18-00998-CR　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-71049-U.
Opinion delivered by Justice Brown;
Justices Bridges and Nowell participating.

　　　　Based on the Court's opinion of this date, the trial court's order of deferred adjudication is **AFFIRMED**.

Judgment entered this 3rd day of July, 2019.