**Affirmed and Opinion filed October 8, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-01010-CR

**LUIS GILBERT ABREGO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1578737**

## OPINION

In this appeal from a conviction for sexual assault of a child, appellant argues in two issues that his conviction must be reversed because his guilty plea was not knowing and voluntary, and because the trial court failed to admonish him that he would have to register as a sex offender. For the reasons given below, we overrule both of these issues and affirm the trial court's judgment.

# THE GUILTY PLEA

Our record begins with the transcript of voir dire. The court reporter did not record any pretrial discussions outside the presence of the venire panel, but we can deduce that some sort of plea discussions must have occurred off the record because the trial judge, the prosecutor, and the defense counsel made comments in front of the venire panel that foretold appellant's plea of guilty.

The trial judge's comments were direct. He stated no less than five times that appellant would be entering a guilty plea, and that "this jury that's going to be impaneled today is going to be down here primarily for the purpose of determining the appropriate punishment." The prosecutor likewise opened her voir dire by stating that the case will be tried differently because "the defendant is going to plead guilty." And the defense counsel withdrew one of his questions after explaining on the record that his question applied to the guilt stage of a trial. All of these remarks were made before appellant ever spoke a word and entered his guilty plea on the record.

When the time finally came for the formal arraignment, the trial judge never admonished appellant that his guilty plea constituted a waiver of his right to a trial by jury, his right to confront witnesses, and his right to not incriminate himself. Without those admonishments, appellant argues that his guilty plea was not knowing and voluntary and that his conviction must be reversed.

Appellant bases his argument on *Boykin v. Alabama*, 395 U.S. 238 (1969), which held that a waiver of the aforementioned rights cannot be presumed on a silent record. *Id.* at 243. For any such waiver to comport with due process, the defendant must enter his guilty plea with a full understanding "of what the plea connotes and of its consequence," and his understanding must affirmatively be "spread on the record." *Id.* at 242–44.

*Boykin* did not explain the meaning of its "spread on the record" requirement. *See Aguirre-Mata v. State*, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003) ("*Boykin* did not specifically set out what due process requires to be 'spread on the record' except to say generally that state courts should make sure that a guilty-pleading defendant 'has a full understanding of what the plea connotes and of its consequence.'"). In the absence of a more particularized holding in *Boykin*, the Texas Court of Criminal Appeals has decided that even when the defendant does not receive formal admonishments about his rights from the trial court, due process is satisfied "so long as the record otherwise affirmatively discloses that the defendant's guilty plea was adequately informed." *See Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013). The Court of Criminal Appeals has also explained that an inference of the defendant's understanding can be made when the defendant is represented by counsel and there is overwhelming evidence that the defendant's guilty plea was part of a defensive strategy. *Compare Gardner v. State*, 164 S.W.3d 393, 399 (Tex. Crim. App. 2005) (holding that the guilty plea comported with due process because the record affirmatively showed a strategy to ask the jury for community supervision), *with Boykin*, 395 U.S. at 240 ("Trial strategy may of course make a plea of guilty seem the desirable course. But the record is wholly silent on that point and throws no light on it.").

In this case, appellant's defensive strategy is apparent from the record. He was charged with sexually assaulting a sixteen-year-old girl, and there was DNA evidence connecting him to the offense. Because the girl was underage and he was more than three years older than her and not married to her, appellant had no defense at all—not even if the girl had factually assented to the sexual encounter or if he had reasonably believed that the girl was older. *See* Tex. Penal Code § 22.011(e) (establishing a narrow defense to sexual assault of a child when the defendant is

3

within three years of the child's age or married to the child); *Fleming v. State*, 455 S.W.3d 577, 582 (Tex. Crim. App. 2014) (holding that there is no culpable mental state with respect to the child's age in a prosecution for sexual assault of a child, which is a strict-liability offense). Faced with the virtual certainty of a conviction that DNA evidence brings, appellant had only one viable defensive strategy, which was to plead guilty and then put on evidence of mitigating circumstances during the punishment stage of trial. This strategy supports a finding that appellant waived his constitutional rights knowingly and voluntarily.

The same strategy was evident in *Gardner*. After the defendant pleaded guilty in that case, the defense counsel sought leniency from the jury. 164 S.W.3d at 397. Counsel argued that the defendant had taken responsibility for his actions, that he had spared the child from having to testify in open court, and that he had relieved the jury from the "grueling experience" of deliberating guilt. *Id.* at 395–96. When the jury rejected the defendant's request for community supervision, the defendant appealed, claiming that his guilty plea was not knowing or voluntary because, like here, the trial court completely failed to admonish the defendant about his constitutional rights. *Id.* at 397. The Court of Criminal Appeals rejected that argument and explained that the defendant's understanding of his rights could be inferred by his defensive strategy, which was presumably made in consultation with competent counsel. *Id.* at 399. Because the facts of *Gardner* are nearly the same as the facts of appellant's case, we are bound to follow the same reasoning.

In addition to appellant's defensive strategy, the record contains other discussions during voir dire, which likewise show that appellant was informed of his rights before he waived them. For example, the prosecutor displayed a slide stating that the defendant has a right to a fair trial. The trial judge also advised the venire panel that the defendant has a presumption of innocence, which the prosecution must

4

overcome with proof beyond a reasonable doubt. But the trial judge added, "In this case, we don't get into that because he's going to be entering a plea of guilt."

The trial judge also referenced the right to confront witnesses, stating that even in this punishment trial, the prosecutor would still put on evidence to establish the facts of the offense, and the jury would be responsible for assessing the credibility of witnesses. The trial judge further asserted, "You're going to be hearing from the complainant." Appellant could have reasonably anticipated from this exchange that the complainant would have testified even if he had not pleaded guilty, which meant that he would have had the right to confront her.

And finally, the trial judge advised the venire panel that appellant had a Fifth Amendment right to not testify, and that he could not be compelled to take the stand in either the guilt stage or the punishment stage. These statements, all of which occurred in appellant's presence, support an inference that appellant was aware of his constitutional rights, even though he received no specific admonishments regarding those rights at the time he pleaded guilty. *Cf. Burnett v. State*, 88 S.W.3d 633, 641 (Tex. Crim. App. 2002) (holding that the defendant could not have been harmed when he pleaded guilty without having received an admonishment about the range of punishment because the transcript of voir dire was otherwise replete with instances in which the parties referred to the maximum punishment).

Appellant responds that we should "eschew" decisions like *Aguirre-Mata*, *Gardner*, and *Davison* because of certain "analytical flaws" committed by the Court of Criminal Appeals. We decline this invitation. Because we are just an intermediate appellate court, we are bound to follow those decisions out of respect for stare decisis. And following *Gardner* in particular because it is factually analogous, we conclude that the record establishes that appellant knowingly and voluntarily waived his constitutional rights when he pleaded guilty.

5

## SEX OFFENDER REGISTRATION

Before a trial court accepts a plea of guilty, the trial court must admonish the defendant whether he will be subject to registration as a sex offender. *See* Tex. Code Crim. Proc. art. 26.13(a)(5). The trial court here did not comply with this statutory mandate—not even substantially. Because of the trial court's failure, appellant argues that his conviction must be reversed.

We agree with appellant that the trial court erred, but under Article 26.13(h), any such error is not reversible: "The court must substantially comply with Subsection (a)(5). The failure of the court to comply with Subsection (a)(5) is not a ground for the defendant to set aside the conviction, sentence, or plea."

Appellant acknowledges the text of Article 26.13(h), but he argues that the second sentence of that provision should not be read to negate the first sentence. Under his interpretation of the statute, the first sentence creates "the possibility of a remedy," and the second sentence forecloses that remedy only when the trial court substantially admonishes the defendant about having to register as a sex offender. This argument does not comport with our canons of statutory construction, which require that we apply the plain meaning of words when they are clear and unambiguous. *See Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). And here, the statute unambiguously forecloses relief whenever there is a "failure of the court to comply," not a failure of the court to substantially comply.

Also, if the legislature had intended to foreclose a remedy only in cases of substantial compliance, as appellant suggests, the legislature could have chosen language like "substantial compliance by the court is sufficient," which already appears in Article 26.13(c). But because the legislature chose different language, we must presume that it meant what it said, which is that an unqualified failure to comply is no basis for setting aside a conviction. Enforcing that language as we must,

we conclude that appellant's conviction cannot be reversed on the ground that the trial court failed to admonish him that he would have to register as a sex offender. *See Fluellen v. State*, 443 S.W.3d 365, 372 (Tex. App.—Texarkana 2014, no pet.) (holding that the legislature has foreclosed relief for any failure by the trial court to admonish a defendant about having to register as a sex offender); *Morin v. State*, 340 S.W.3d 816, 818 (Tex. App.—San Antonio 2011, pet. ref'd) (same); *Skinner v. State*, 334 S.W.3d 12, 15–16 (Tex. App.—Dallas 2008, no pet.) (same); *James v. State*, 258 S.W.3d 315, 318 (Tex. App.—Austin 2008, pet. dism'd) (same); *see also Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004) (holding that the trial court's failure to admonish a defendant about the sex offender registration requirement did not violate due process or render the guilty plea involuntary).

## CONCLUSION

The trial court's judgment is affirmed.


/s/     Tracy Christopher
        Justice


Panel consists of Justices Christopher, Wise, and Jewell.
Publish – Tex. R. App. P. 47.2(b).