**Affirmed and Opinion Filed August 18, 2021**



**In The**
## Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-19-01560-CR**

**WILLIAM WAYNE HENSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1525022-R**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

Appellant William Wayne Henson waived trial by jury and pleaded no contest to a charge of aggravated sexual assault of a child. After hearing evidence, the trial court found appellant guilty of the lesser-included offense of indecency with a child and assessed punishment at confinement for four years. Appellant raises two issues in this Court. He argues that his plea of no contest was not entered knowingly, intelligently, and voluntarily because (i) he did not understand the nature and consequences of his plea and (ii) he was not informed of the sex offender registration requirements upon a finding of guilt. We affirm the trial court's judgment.

# I. Procedural History

In January 2016, appellant was indicted on one count for aggravated sexual assault of a child younger than fourteen years of age. The count charged that appellant:

> on or about the 1st day of April, 2014 in the County of Dallas, State of Texas, did unlawfully then and there intentionally and knowingly cause the penetration of the female sexual organ of [H.H.], a child, who was not then the spouse of defendant, by an object, to-wit: the finger of defendant, and at the time of the offense, the child was younger than fourteen years of age.

Because both appellate issues pertain to limited evidentiary and procedural complaints, we confine our discussion of the facts and the evidence accordingly.

On Monday, July 15, 2019, Judge Michael Snipes, who was sitting by assignment, orally admonished appellant on (i) the penalty range for his charge, (ii) his right to jury trial, (iii) his right to testify, and (iv) the recommended sentence of from the State of "[fifteen] years TDC or a no-contest TBC [trial before the court] in front of Judge Stephens."[1] At this July 15, 2019, hearing the following exchanges occurred:

> THE COURT: Okay. Do you understand what the recommendation is in the case?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. The advantage of getting a 15-year deal is that it prevents the possibility of somebody going crazy and giving you 99 year or a life sentence. Do you understand that?

---

[1] The record shows the case was assigned to Judge Gary Stephens's court.

THE DEFENDANT: Yes, sir.

THE COURT: On the other hand, you would have a felony conviction on your record, 15-year sentence, *plus you have to register as a sex offender*. Do you understand all that?

THE DEFENDANT: I didn't quite hear you, sir. I have trouble hearing.

THE COURT: Okay. The advantage of a 15-year plea is you avoid the possibility of a life sentence, but you would still have a felony conviction. *You would have to register as a sex offender*, and you would be in jail for 15 years, unless you were granted parole. Do you understand all that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And knowing all of that, how do you wish to proceed in this case? Do you wish to have a jury trial, or do you wish to have a trial before the Court, or do you wish some other disposition?

THE DEFENDANT: Trial before the Court.

. . . .

[DEFENDANT'S COUNSEL]: . . . *Mr. Long is on the case with me as well and just, obviously, that we talked about—about Mr. Long's training and experience and all of the above, and he and I both have given you our professional opinion, but you're doing what you want to to, correct?*

THE DEFENDANT: Yes.

(emphasis added).

Appellant signed a jury trial waiver that same day. The trial court recessed and resumed the proceedings two days later—on Wednesday, July 17, 2019—before Judge Gary Stephens. The following exchanges occurred:

–3–

THE COURT: Mr. Henson, you appeared before a different judge, I believe it was on Monday. At that time, he told you that you were charged with aggravated sexual assault of a child. I'm sure he told you that the penalty range was a minimum of 5 years up to 99 years or life in prison, and that there could also be a $10,000 [sic]. You told him you understood what you were charged with. He told you that you were entitled to a jury trial; you then waived your right to a jury trial and told him that you wanted to have it heard by a judge, primarily me. So the case was passed until today to start the trial. Do you understand why you're here, and what we're about to do?

THE DEFENDANT: Yes, sir.

THE COURT: Let's arraign the defendant.

[DEFENDANT'S COUNSEL]: Comes now William Henson, states that is his true correct name, waive [sic] further reading of the indictment and enters a plea of no contest.

THE COURT: The court will accept the plea of no contest; there is admission of guilt. The state has full the [sic] burden of proof beyond a reasonable doubt.

The trial court then heard testimony from (i) H.H.; (ii) S.H., who is H.H's older sister; (iii) P.H., who is the father of H.H. and S.H.; (iv) D.H., who is P.H.'s mother and grandmother to H.H. and S.H.; (v) Yesenia Gonzalez of Dallas Children's Advocacy Center; and (vi) Detective Mark White of the Garland Police Department.

The state rested, and appellant moved for a directed verdict arguing:

[DEFENDANT'S COUNSEL]: There is absolutely no evidence, period, from any witness that penetration occurred. There's no evidence from which the court can find that. No evidence, period. Contact, if you believe certain evidence, yes, but there is no evidence, not even a scintilla, from which the court could find penetration. So I ask that the court grant a direct[ed] verdict on that, and that therefore we're down to indecency by contact at this point.

THE COURT: Miss Jones?

[PROSECUTOR]: I think, at this point, the court can include indecency by contact as part of something to consider as a guilty verdict. Yes.

Then, the trial court denied the appellant's motion for directed verdict. After appellant cross examined the State's witnesses, appellant moved a second time for directed verdict. The trial court "grant[ed] the motion as far as a directed verdict of not guilty on the aggravated sexual assault of a child" but also maintained "there is sufficient evidence for the [trial] court not to grant a motion on the entirety of the case, meaning there is more than a scintilla of evidence of a lesser included [offense] of indecency with a child."

Thereafter, H.H. and S.H.'s mother—who was married to appellant— testified. Appellant did not testify. Ultimately, the trial court found "that the evidence prove[d] [appellant's] guilt of the second degree felony of indecency with a child by contact." On December 19, 2019, the trial court held the hearing on the punishment phase. Ultimately, the trial court assessed appellant's punishment at four years' confinement. This appeal followed.

## II.   ISSUES RAISED

Appellant raises two issues on appeal:

1.     [Whether appellant's] plea of no contest was not entered knowingly, intelligently, and voluntarily, because he did not understand the nature and consequences of his plea, in violation of his constitutional right to due process.

2.     [Whether appellant's] plea of no contest was not entered knowingly, intelligently, and voluntarily because he was not informed of the sex offender registration requirements upon a finding of guilt.

## III.   STANDARD OF REVIEW

"The voluntariness of a plea is determined from the totality of the circumstances viewed in light of the entire record." *Jones v. State*, 600 S.W.3d 94, 99 (Tex. App.—Dallas 2020), cert. denied, 141 S. Ct. 880, 208 L. Ed. 2d 442 (2020); *see also Crawford v. State*, 890 S.W.2d 941, 944 (Tex. App.—San Antonio 1994, no pet.) (per curiam); *Griffin v. State*, 703 S.W.2d 193, 195 (Tex. Crim. App. 1986) ("Since a person cannot at any time involuntarily plead guilty to a crime for which he is accused, the totality of the circumstances of each case is assessed to assure the voluntary nature of the plea.").[2] In a criminal setting, a plea of no contest has "the legal effect of which shall be the same as that of a plea of guilty." TEX. CODE CRIM. PROC. ANN. art 27.02. Article 27.13 of the Texas Code of Criminal Procedure provides:

> A plea of "guilty" or a plea of "nolo contendere" in a felony case must be made in open court by the defendant in person; and the proceedings shall be as provided in Articles 26.13, 26.14 and 27.02. If the plea is before the judge alone, same may be made in the same manner as is provided for by Articles 1.13 and 1.15.

---

[2] *See also*, *McGuire v. State*, No. 05-97-00717-CR, 1998 WL 257873, at *3 (Tex. App.—Dallas May 22, 1998, pet. ref'd) (not designated for publication); *Moreno v. State*, No. 05-95-01709-CR, 1997 WL 149993, at *2 (Tex. App.—Dallas Apr. 2, 1997, no pet.) (not designated for publication); *Black v. State*, 05-96-00420-CR, 1997 WL 153801, at *3 (Tex. App.—Dallas Apr. 2, 1997, no pet.) (not designated for publication); *Smith v. State*, No. 05-92-02018-CR, 1996 WL 732418, at *2 (Tex. App.—Dallas Dec. 19, 1996, no pet.) (not designated for publication).

CRIM. PROC. art. 27.13.

"No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." CRIM. PROC. art. 26.13(b). "Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of" several admonishments—including the applicable range of punishment attached to the offense and any applicable registration as a sex-offender under Texas Code of Criminal Procedure Chapter 62. CRIM. PROC. art. 26.13(a)(1)–(5); *see generally* CRIM. PROC. art. 62.051 (enumerating sex offender registration requirements). "If the admonishments given substantially comply with the requirements of article 26.13, the burden shifts to the defendant to show [(i)] he was unaware of the consequences of his plea and [(ii)] that he was harmed or misled by the admonishments." *Skinner v. State*, 334 S.W.3d 12, 15 (Tex. App.—Dallas 2008, no pet.) (citing CRIM. PROC. art. 26.13(c)). When, as here, the record shows the defendant understands the nature of his plea and that it was voluntary, he has a heavy burden to prove on appeal that his plea was involuntary. *Jones*, 600 S.W.3d at 99; *see also Crawford*, 890 S.W.2d at 944.[3]

When there is an insufficient admonition, whether by total failure to admonish or an admonition that is not in substantial compliance, the violation of article 26.13 comes within the standard of Texas Rule of Appellate Procedure 44.2(b). *Anderson*

---

[3] *See also*, *McGuire*, 1998 WL 257873, at *3; *Moreno*, 1997 WL 149993, at *2; *Black*, 1997 WL 153801, at *3.

*v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006).[4] However, the reviewing court conducts the rule 44.2(c) harm analysis in conjunction with the article 26.13(c) directive. *See id.*

## IV.  DISCUSSION

**Issue One: Whether Appellant's Plea of No Contest Was Not Entered Knowingly, Intelligently, and Voluntarily, Because He Did Not Understand the Nature and Consequences of His Plea**

A defendant who pleads no contest does "not contest the accusation." *Brewster v. State*, 606 S.W.2d 325, 329 (Tex. Crim. App. 1980). Appellant concedes that a trial court is not required to admonish the defendant that a plea of no contest has the same legal effect as a plea of guilt. *See generally* CRIM. PROC. art 27.02; CRIM. PROC. art. 26.13. The record shows the trial court admonished appellant regarding the punishment range for his offence. Therefore, a prima facie showing exists that appellant's no contest plea was entered knowingly and voluntarily. *See*

---

[4] Texas Rule of Appellate Procedure 44.2 provides:

> (a) Constitutional Error. If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.
> (b) Other Errors. Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.
> (c) Presumptions. Unless the following matters were disputed in the trial court, or unless the record affirmatively shows the contrary, the court of appeals must presume:
>> (1) that venue was proved in the trial court;
>> (2) that the jury was properly impaneled and sworn;
>> (3) that the defendant was arraigned;
>> (4) that the defendant pleaded to the indictment or other charging instrument; and
>> (5) that the court's charge was certified by the trial court and filed by the clerk before it was read to the jury.

TEX. R. APP. P. 44.2.

*Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Nevertheless, appellant argues he did not knowingly, intelligently, and voluntarily enter his plea of no contest because of two misstatements of law the trial court made on the record *after* he pled no contest. Appellant asserts the trial court committed reversible error by stating (i) "there is admission of [appellant's] guilt" and (ii) "[t]he state has full the [sic] burden of proof beyond a reasonable doubt." We disagree.

### i.    *"There Is an Admission of [Appellant's] Guilt"*

As a preliminary matter, we must acknowledge that the record is unclear as to why the trial court stated "there is admission of [appellant's] guilt" during the July 17, 2019 hearing. No party objected to this statement from the trial court. Nevertheless, the record contains no admission of guilt from appellant. The record of the trial court's docket for July 17, 2019, states: "Case called for trial. *Jury waived, Df Pled "No Contest" No adm. Of guilt.* Evid Presented." (emphasis added). Thus, the trial court's docket indicated that appellant pled no contest and there was no admission of guilt. At the December 2019 punishment hearing, the trial court summarized the prior proceedings:

> THE COURT: Mr. Henson, you appeared before me back in July. At that time I went over your rights, you waived your right to a trial and entered a plea of no contest. *At that time I told you and made a docket notation that the – that there is no admission of guilt*, the State has the burden of proof beyond a reasonable doubt.
>
> I heard evidence and at the conclusion of that evidence proved your guilt of the lesser offense of Indecency with a child instead of the charged offense of aggravated sexual assault of a child.

–9–

. . . .

You're here today for me to make a decision on punishment. Do you understand why you're here?

APPELLANT: Yes, sir.

(emphasis added). Again, no party raised an objection to the trial court's statement.

The record shows appellant maintained his plea of "no contest" and did not change that plea at any time. Nevertheless, appellant argues the theme of his defense was "absolute innocence," and his innocence defense "shows that he did not understand [the] trial court's admonishment that the entry of his [no contest] plea was an admission of guilt." In effect, appellant argues that his defense strategy of innocence rendered his "no contest" plea involuntary once trial court stated "there is admission of [appellant's] guilt." Appellant offers no authority to support this position, and we have found no according support. Appellant argues "he did not understand the implications of the plea" but offers no record citation to substantiate that argument.

To the contrary, "[t]he plea of nolo contendere, being the same as a plea of guilty to a felony charge before the trial judge after waiver of a jury trial, constitutes an admission of guilt." *Martinez v. State*, 170 Tex. Crim. 266, 268, 340 S.W.2d 56, 57 (1960). Furthermore, appellant (i) failed to preserve any alleged error as to the

trial court's statement "there is admission of [appellant's] guilt" by objection[5] and (ii) does not otherwise show that he was unaware of the consequences of his no contest plea or that he was harmed or misled by the trial court's admonishment—when it occurred *after* his plea of no contest. *See Skinner*, 334 S.W.3d at 15. There is no evidence in the record that appellant sought to change his plea or was not aware of the charges in the indictment. To the extent the trial court stated "there is admission of [appellant's] guilt," appellant has failed to carry his burden to show his plea was involuntary.

  ii.  *"The State Has the Full Burden of Proof Beyond a Reasonable Doubt"*

  Under article 1.15, when a defendant waives a jury and pleads "no contest" the State must introduce sufficient evidence to support the defendant's plea and to establish the defendant's guilt. CRIM. PROC. art. 1.15. The evidence is sufficient to support a "no contest" plea if it embraces every essential element of the offense charged. *Stone v. State,* 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). There is no requirement that the supporting evidence prove the defendant's guilt beyond a reasonable doubt. *See Ex parte Martin,* 747 S.W.2d at 792-93. Nevertheless, the trial court was not required to accept appellant's plea of no contest. Depending on the evidence raised, the trial court retained its authority to (i) defer proceedings without

---

[5] A "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see* TEX. R. APP. P. 33.1; *Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005).

–11–

entering an adjudication of guilt, (ii) withdraw appellant's no contest plea, or (iii) find appellant guilty of a lesser included offense. CRIM. PROC. art. 42A.101; *Aldrich v. State*, 104 S.W.3d 890, 893 (Tex. Crim. App. 2003); *see McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.).[6]

It is apparent from the record that the trial court required the State to present more evidence than was legally required to satisfy its burden of proof that appellant was, in fact, guilty. *See Ex parte Martin,* 747 S.W.2d at 792-93. Appellant argues the trial court's misstatement regarding the State's burden caused his plea to not be entered in a "knowing, voluntary, and intelligent manner," but appellant offers no legal authority or record citation to support his argument. Appellant made no objection to the trial court's requirement that the State meet the heightened burden. *Wilson*, 71 S.W.3d at 349; *see* TEX. R. APP. P. 33.1. Appellant fails to show us how the trial court's misstatement about the State's burden of proof, which occurred *after* appellant's no contest plea, rendered his earlier no contest plea involuntary. The record shows (i) the trial court admonished appellant pursuant to article 26.13 and (ii) appellant agreed that he understood the admonishments and his plea of no

---

[6] In *Aldrich*, the Texas Court of Criminal Appeals held:

> In a long line of authorities this Court has held that when the evidence introduced makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn, the trial court is required on its own motion to withdraw the defendant's guilty plea or nolo contendere plea and enter a not guilty plea for the defendant. This rule has been recognized and applied even when a jury has been waived and the plea is before the court without a jury.

*Aldrich*, 104 S.W.3d at 892–93.

contest. Appellant has failed to meet his burden to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm. *Martinez*, 981 S.W.2d at 197. We do not reach the harm analysis. Accordingly, we overrule appellant's first issue.

**Issue Two: Whether Appellant's Plea of No Contest Was Not Entered Knowingly, Intelligently, and Voluntarily Because He Was Not Informed of The Sex Offender Registration Requirements Upon a Finding of Guilt**

Appellant asserts he was not informed of the sex offender registration requirements upon a finding of his guilt. As we have included in our above discussion, the record shows the trial court substantially complied with article 26.13(a)(5)'s requirement to admonish appellant that, if convicted, he would have to register as a sex offender. *See Skinner*, 334 S.W.3d at 15; *see also* CRIM. PROC. art. 26.13(a)(5). Furthermore, even if we assume the trial court failed to provide the admonishment required in article 26.13(a)(5), article 26.13(h) provides:

> The court must substantially comply with Subsection (a)(5). The failure of the court to comply with Subsection (a)(5) is not a ground for the defendant to set aside the conviction, sentence, or plea.

CRIM. PROC. art. 26.13(h). Thus, the statute would prohibit our reversal of the trial court's judgment based on appellant's no contest plea. We overrule appellant's second issue.

## V.    CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

191560f.u05

Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM WAYNE HENSON,
Appellant

No. 05-19-01560-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1525022-R.
Opinion delivered by Justice
Pedersen, III. Justices Osborne and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 18th day of August, 2021.